HENRY BLYTHE AND S. H. WETHERBEE, COMPOSING THE FIRM OF BLYTHE & WETHERBEE, AND B. H. FREE-MAN AND G. W. B. McDONALD, COMPOSING THE FIRM OF B. H. FREEMAN & CO., AND H. G. & E. S. FISKE, INTERVENORS, v. GEORGE POULTNEY, JO-SEPH SMITH, AND ALEXANDER COOK.

LIEN FOR MATERIALS FURNISHED TO CONTRACTOR.—The right of a material man to a lien on the land and building, as against the owner, for materials furnished the contractor, depends for its existence upon the fact of an indebtedness from the owner to the contractor at the time of or subsequent to the notice.

CONTRACT TO ERECT BUILDING.— If the contract for the erection and completion of a building is entire, and the contractor abandons the work before it is completed, he loses the right which he would have had to the full compensation agreed on.

LIEN FOR MATERIALS FURNISHED CONTRACTOR.—If the contractor agrees with the owner to erect a building and furnish the materials, for a sum certain, to be paid as the work progresses, with a reservation of twenty-five per cent until completed, and he abandons the work, having collected all that is due him except the twenty-five per cent, one who has furnished the contractor with materials has no lien as against the owner.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Daniel Rodgers*, and *D. Barde*, for Appellants, argued that the contractor having abandoned his contract, those who had furnished him with materials had no lien, because the contractor could not have enforced any demand against the owner; and cited *Allen* v. *Garman*, 1 E. D. Smith, 692 ; *Dore* v. *Sellers*, 27 Cal. 594 ; and 2 E. D. Smith, 560.

*E. B. Mastick*, and *J. E. Carey*, for Respondents.

By the Court, CURREY, C. J. :

The plaintiffs brought this action against the defendant Cook to recover certain sums of money alleged to be due for materials furnished him for the construction of certain houses which he had contracted with the defendants Poultney & Smith to build for them on Brannan street, in the City of San Francisco, and for work and labor performed for him by the plaintiffs Freeman & McDonald in and about the building of the same houses; and also to obtain a decree of the Court declaring the plaintiffs' claims to be liens upon said houses and the land on which they were erected, and further that the premises might be decreed to be sold to satisfy such claims. The action was brought under the Mechanics' Lien Law of 1862, (Laws 1862, p. 384,) and the rights of the plaintiffs as against Poultney & Smith, if they ever had any, depend upon that law and the existence of the conditions therein prescribed as conditions precedent to the creation of such rights.

On the 12th of April, 1865, Cook entered into a contract with Poultney & Smith to erect and finish for them on or before the 20th of July then next, certain houses in accordance with certain plans and specifications. By the contract Cook agreed to furnish all the material for the purpose. In consideration of all which, Poultney & Smith contracted to pay him thirteen thousand and fifty dollars. This consideration the parties agreed should be paid by instalments as the work progressed, as follows: Seventy-five per cent of the value of all the work done and materials furnished and attached to the premises (which valuation was to be determined by the architect named) was to be paid to Cook on Saturday of each week, as the work progressed. It was further agreed between the parties that the remaining twenty-five per cent should be paid on or before said 20th of July, or when the building should be completed and accepted by the architect, provided that a certificate should be obtained signed by the architect, stating the amount then due and payable.

Cook entered upon the performance of the work and purchased of the plaintiffs materials for the construction of the houses. On the 12th of August, the houses being unfinished, Cook abandoned the further performance of his agreement, and thereafter Poultney & Smith finished the work. On the day last named the plaintiffs · Blythe & Wetherbee caused to be served on Poultney & Smith a notice to the effect that Cook was indebted to them in the sum of five hundred and thirty-eight dollars and ninety cents for lumber and materials furnished by them for the construction of said houses, and stating that the amount specified therein was justly due them over and above all offsets and payments made.

The defendants Poultney & Smith by answer denied they were indebted to Cook in any sum whatever at the time of the service of said notice, or at any time subsequently. They further pleaded in defense a breach of the contract on the part of Cook and an abandonment of the work by him. They also, by answer, denied the allegations of the service upon them of any sufficient notice by either of the plaintiffs to effect a lien upon the premises in any event.

After the action was commenced, a notice was published as required by the sixth section of the law of 1862, calling upon all persons interested in the enforcement of the alleged liens or claiming any benefit thereof to present their claims, etc. In pursuance of such notice H. G. & E. S. Fiske presented their claim against Cook for material furnished and labor performed by them in and about the construction of the houses, at Cook's request, and evidence of the service of the notice of their claim on Poultney & Smith on the 4th of September, 1865.

Before the notice of Blythe & Wetherbee and that of the Fiskes were served, the validity of the respective demands of these parties were admitted by Cook, and within the time prescribed by the twenty-fifth section of the law, they filed in the office of the County Recorder the account prescribed by the same section duly verified. (Laws 1862, p. 390.)

The Court, after hearing the evidence in the cause, rendered

judgments in favor of the plaintiffs, Blythe & Wetherbee, and in favor of the Fiskes, who had become intervenors under the Act, against Cook for the amounts of their respective claims, and also rendered a decree declaring said claims to be liens upon the lands and premises of Poultney & Smith, described in the complaint, and directing the sale thereof to satisfy the judgments against Cook. In respect to the claims of the plaintiffs Freeman & McDonald, and of Seaver & Brokaw, who were intervenors in the suit, the judgment and decree of the Court were in favor of Poultney & Smith.

The defendants moved for a new trial, which was denied. The appeal brings before this Court the whole case, as between the plaintiffs Blythe & Wetherbee, and the intervenors H. G. & E. S. Fiske, as respondents, and the defendants as appellants.

The defendant Cook filed no answer in the case, and it is not in any manner pretended by counsel that the judgments against him were in any respect erroneous. We suspect that the appeal taken in his behalf is the result of a want of that attention by the attorneys who signed the notice of appeal, which they ought to have observed in case they intended the notice of appeal on behalf of Poultney & Smith only. As it is, all the defendants are appellants. As there is nothing further necessary to be said in respect to the appeal of the defendant Cook, we shall confine ourselves to the consideration of the case as between the appellants Poultney & Smith and the respondents.

Assuming that the respective respondents did all on their part necessary to acquire a lien upon the premises of Poultney & Smith, provided the latter were indebted to Cook at the time the notice of Blythe & Wetherbee was served, or subsequently, on account of the performance in part of the contract on his part, then the inquiry to be made is whether they were indebted to him on such account at that time, or subsequently. If as between Cook on the one part, and Poultney & Smith on the other, the latter were not indebted to the former, then the respondents' claims as against Poultney &

Smith[*] are without any just or legal foundation to support them, because the respective demands against Poultney & Smith depended for existence upon the fact of·a debt due from them to Cook.

There is no dispute about the fact of abandonment by Cook of the work on the 12th of August, 1865. The Court so finds, and the finding is fully sustained by the evidence. It was in evidence that at the time he had been paid nine thousand six hundred and fifty dollars, and that he had been so paid is not disputed by the respondents' counsel, though the Court below failed to find at all on the subject. The amount which had been so paid, the architect testified, was in excess of the amount then due him by the stipulations of the contract some two hundred or three hundred dollars. It is not pretended that Cook contributed anything after that date toward the construction of the houses. The Court found that there was at that time due from Poultney & Smith to Cook one thousand four hundred and forty-seven dollars.

It was in evidence that after the abandonment Poultney & Smith completed the work which Cook had contracted to do, and expended therefor certain sums of money, which, with the nine thousand six hundred and fifty dollars paid to Cook, amounted to eleven thousand five hundred and three dollars, which aggregated sum, subtracted from the sum of thirteen thousand and fifty dollars, the contract price, ascertained the difference between what Poultney & Smith had actually paid out, and what they agreed to pay on condition that Cook should perform his contract, to be one thousand four hundred and forty-seven dollars, and this ascertained, as the Court below viewed the matter the exact sum in which Poultney & Smith were indebted to Cook upon the contract when he violated it by abandoning performance of it on his part. This mode of adjusting parties' rights under contracts of the kind of that in question is not authorized by law, nor is it in our judgment just. The contract between Poultney & Smith of the one part, and Cook of the other was entire. Poultney & Smith reserved to themselves the right to withhold until the

work was completed, twenty-five per cent of the price agreed upon. Cook had received at the time he abandoned the work more than was due him; and it matters not that Poultney & Smith were able to complete the houses for less than the difference between what they had agreed to pay and what they had paid. It may be they agreed to pay more than what they had contracted for was worth; or it may be they procured the houses to be finished for less than the services and materials for that purpose were worth. The Court cannot properly speculate in respect to the matter. It is enough to say that by the abandonment, Cook lost the right which he would have had to the full compensation agreed upon, had he fully performed the contract on his part. If Cook had sued Poultney & Smith at the time this action was brought for the one thousand four hundred and forty-seven dollars which the Court below finds to have been due him on the 12th of August, 1865, he would not have been entitled to recover it, or any part of it, because no such sum was due him; and he did nothing thereafter to cause it to become due him; and if he was not entitled to recover it, Poultney & Smith's property could not be rendered liable for it. (*Dore* v. *Sellers*, 27 Cal. 595.)

The judgments against the defendant Cook are affirmed. The order denying a new trial, and the decree against the defendants, Poultney & Smith, and the premises described in the complaint, are reversed, and a new trial granted with costs against the respondents.