## SAMUEL JARDEN AND WIFE *vs.* EBENEZER PUMPHREY.

*Mechanics' Lien—Husband as Agent for his Wife—Construction of secs. 10 and 11 of the Mechanics' Lien law—Inadmissible Evidence—Ratification of a Contract.*

In a proceeding by *scire facias*, to enforce a mechanics' lien for materials furnished and work done in the erection of a house, it was proved that the plaintiff was, employed by the builder and contractor, for a stated sum, to paint the house which he had contracted to build and complete by the 1st of January, 1869, for a married woman : that the husband, as the authorized agent of his wife, made the contract for building the house ; that the plaintiff was engaged on the painting at intervals till April, 1869, when on the 19th of the month he served a written notice of his intention to claim the benefit of his lien under the mechans' lien law, on the husband.  HELD :

1st. That the service of notice upon the husband, the authorized agent of his wife to make the contract on her behalf, for the purchase of materials to be used in the erection of the house, was a valid and legal notice to her.

2d. That the tenth section of the mechanics' lien law (*Article* 61 *of the Code*) which requires a personal notice in writing to be given to the wife, when a house is erected upon ground belonging to her, relates to cases where such building is erected by the husband, or some person employed by him, acting in his character as husband, and undertaking to make the improvement in the exercise of his own authority as such. It does not apply to a case where the husband acts as the agent of his wife and by her authority.

3d. That the case of a husband who, in contracting for the building of a house to be erected upon ground belonging to his wife, acts as her agent and by her authority, falls within the eleventh section of the mechanics' lien law, which provides that the notice shall be given to the owner or owners, or agents.

A married man, as the authorized agent of his wife, made a contract with a builder and contractor to build and complete, by the 1st of January, 1869, a house on a lot of ground belonging to the wife.  The builder employed a painter, for a stated sum, to paint the house, who, having completed his work in April, 1869, on the 19th of the month served a

written notice of his intention to claim the benefit of his lien under the mechanics' lien law, on the husband. In a proceeding by the painter to enforce his lien, the defendants, the husband and wife, offered to prove that the contract for building the house had been terminated by mutual consent about the 1st of January, 1869, on account of the builder's default; that the last work done by the plaintiff, under his employment by the builder, was about the same time; but that the plaintiff visited the defendants in March following, and asked to be permitted to finish the painting on the house, and obtained an advance of $50 for such undertaking. The object of this testimony was to prove that the notice of lien had not been given within the time required by the Code. HELD:

That the evidence was inadmissible for such purpose; that the act of the defendants, in authorizing the plaintiff to go on and finish the painting, amounted to a ratification, on their part, of his original contract with the builder, and estopped them from denying that the completion of his work was done under and in pursuance of the same contract.

APPEAL from the Superior Court of Baltimore City.

The facts of the case, together with the exceptions taken by the defendants, are sufficiently stated in the opinion of the Court.

· The cause was submitted on briefs to BARTOL, C. J., GRASON, MILLER and ALVEY, J.

*R. Emmett Jones,* for the appellants.

*John C. King,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

The questions in this case arise upon a *scire facias,* on a claim of lien, filed by the appellee against the appellants.

It was proved at the trial that the appellee was employed on or about August, 1868, by a certain *Edward D. Preston, a builder and contractor,* for a stated sum, to paint a certain house on Barre street, mentioned in the proceedings, which Preston had contracted to build and complete by January 1st, 1869, for Amelia Jarden, wife of Samuel Jarden; that Samuel

was the agent of his wife in the premises, and, as such agent, made the contract with Preston for building the house; that the appellee was engaged on said painting, on and off, till April, 1869, when, on the 19th of that month, he served a written notice of his intention to claim the benefit of the lien under the statute, upon Samuel Jarden.

Evidence was offered on the part of the appellants to prove that the lot of ground on which the house was built was the separate property of Mrs. Amelia Jarden, and that she was having the house built with money she had inherited from her parents; that the notice given by the appellee of his intention to claim a lien was served upon *Samuel;* but no such notice was served personally upon *Amelia Jarden,* his wife, nor did he inform her of the fact of its service upon him. But the Court below refused to admit this evidence, and was of opinion that the service of notice upon *Samuel Jarden,* agent of *Amelia,* his wife, was valid and legal notice to her. This ruling forms the subject of the first bill of exceptions.

The appellants contend that, under the Code, it was necessary to serve the notice upon Mrs. Jarden personally, and that notice to her husband was not sufficient.

The provisions of the Code relating to notice are as follows, Art. 61, sec. 10 : Where a building shall be erected on a lot of ground, belonging to a married woman, by her husband or some person by him employed, the said lien shall not attach unless notice thereof be given to such married woman in writing within sixty days after doing such work, or furnishing such materials, or both, as the case may be.

Sec. 11 : If the contract for furnishing such work or materials, or both, shall have been made with any architect or builder, or any other person except the owner or owners of the lot on which the building may be erected, or his or their agent, the person or persons so doing work, or furnishing materials, or both, shall not be entitled to a lien, unless within sixty days after furnishing the same, he or they, or his or

their agent, *shall give notice in writing to such owner, or owners or agents,* if resident within the city or county, of his or their intention to claim such lien.

Construing both these sections together, we think it is quite clear that the Legislature did not intend to alter or change the general and familiar principle of the law, that notice to an agent in relation to the subject matter embraced within his agency, is equivalent to notice to the principal. In this case it was proved that Samuel Jarden was the authorized agent for his wife to make the contract on her behalf, for the purchase of materials and the erection of the house. That being so, it must follow that a notice of an intention to claim a lien for the work done, given to him, the authorized agent in the premises, is equivalent to a notice given to his wife, for whom he is acting.

The 10th section, by which personal notice to the married woman is required, relates to cases where the building upon her lot of ground is erected by the husband, or some person employed by him, acting in his character as husband, and undertaking to make the improvement in the exercise of his own authority as such ; it does not apply to a case like this, where the husband acts as her agent and by her authority. The case falls rather within the 11th section, in which it is provided that the notice shall be given to the *owner or owners, or agents.*

We think the Court below was right in its ruling upon the first bill of exceptions.

In our opinion the Court below was correct in disallowing the evidence offered by the appellants in the second bill of exceptions. The object of the testimony was to prove that the notice of lien had not been given within the time required by the Code. But it clearly could have no such legal effect, and was inadmissible for that purpose.

The contract of the appellee to paint the house for a certain sum, had been made with Preston, the contractor or builder.

Jarden and Wife *vs.* Pumphrey.

The evidence offered by the appellants in the second bill of exceptions, was that the contract of Jarden with Preston had been terminated by mutual consent about January 1st, 1869, on account of Preston's default; that the work under him, Preston, had been generally suspended, and the last work done by the appellee under his employment by Preston, was about the same time, but that the appellee visited the appellants in March thereafter, and asked to be permitted to finish the painting on the house, and obtained an advance of $50 for such undertaking.

It was proved in the first bill of exceptions that the work of the appellee was completed in April, 1869. The notice was given on the 19th day of that month.

The argument of the appellants is that the termination of Preston's contract put an end to the contract of the appellee, and that the work subsequently done by him in finishing the painting of the house, was done under a new and distinct contract, and was not a completion of his original contract, so as to entitle him to claim a lien for the whole work as done under one contract.

But this is not a sound argument. Whatever may have been the effect upon the rights of the appellee of terminating the contract with Preston, the builder, on the first of January, under whom the appellee was employed, the subsequent act of the appellants in authorizing him to go on "and finish the painting" amounted to a ratification on their part of his original contract with Preston, and estops them from denying that the completion of his work was done under and in pursuance of the same contract.

*Judgment affirmed.*