ALBERT KENYON, AN INFANT, BY GUARDIAN, PLAINTIFF, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, DEFENDANT.

*Contributory negligence — when not a bar to a recovery.*

Where, in an action to recover damages for injuries sustained by a little child, in consequence. of being run over by one of defendant's engines, it appears that the engine driver might, with the exercise of ordinary care, have stopped the engine, and so have avoided the injury, the contributory negligence of the plaintiff does not constitute a bar to a recovery.

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term after a nonsuit ordered by the court. This action was brought by the guardian *ad litem* of the plaintiff, who is an infant, to recover damages for injuries occasioned by the negligence of the defendant in running a locomotive engine over the plaintiff.

The plaintiff, at the time of the injury, was an infant, two and a half years of age, and lived with his parents, at the corner of Philip and Orchard streets, in the western part of the city of Utica, about half a mile southerly from the defendant's railroad. On the 8th day of June, 1873, this child was allowed by his parents to go at large in the public streets of the city, without an attendant, he stating that he was going to his grandmother's, who lived "just around the corner," to which place the boy was in the habit of going, and a few hours later, he was run over by an engine and tender, passing westward on the defendant's road, and injured. The engineer signaled twice by blowing the steam whistle; first, when about 800 feet, and again when about 100 feet from the child, but no attention was paid to it. Evidence was given, tending to show that there was ample opportunity to have stopped the engine before reaching the child, and also showing the nature and extent of the injury.

*Alfred C. Coxe*, for the plaintiff.

*J. Thomas Spriggs*, for the defendant. There was such gross negligence on the part of the plaintiff, or of his parents, who have

the charge of him, as defeats any right of recovery in this action. (*Hartfield* v. *Roper*, 21 Wend., 615; *Mangam* v. *Brooklyn City R. R.*, 36 Barb., 238, 239; *Burke* v. *B. and Seventh Ave. R. R. Co.*, 49 id., 529, 530; *Mangam* v. *Brooklyn R. R. Co.*, 38 N. Y. [11 Tiff.], 455, 456, 459; *Morrison* v. *Erie R. Co.*, 56 id. [11 Sick.], 309, 310; Sher. & Redf. on Neg., § 491 and notes; *Singleton* v. *E. Con. R. W. Co.*, 97 E. C. L., 287, 288; *Terry* v. *N. Y. C. R. R. Co.*, 22 Barb., 574, 578, 586; *Nicholson* v. *Erie R. Co.*, 41 N. Y. [2 Hand], 526, 529, 541; *Matze* v. *N. Y. C. and H. R. R. R. Co.*, 1 Hun, 417, 419, 420.) The plaintiff himself being guilty of negligence which led directly to the injury, was not entitled to recover, and was properly nonsuited. (*Ernst* v. *H. R. R. R. Co.*, 24 How., 97; 32 id., 61; *Burke* v. *Broadway and Seventh Av. R.*, *Co.*, 49 Barb., 530; *Phillips* v. *Rens. and Sar. R. R. Co.*, 49 N. Y. [4 Sick.], 177; *Morrison* v. *E. R. Co.*, 56 id. [11 Sick.], 302; *Wilds* v. *H. R. R. R. Co.*, 24 id. [10 Smith], 432.)

GILBERT, J. :

Evidence having been given upon the trial, tending to prove that the engine driver might, with the exercise of ordinary care, have stopped the engine, and so have avoided the injury to the plaintiff, the court erred in granting a nonsuit. In such a case, neither the fact that the plaintiff was wrongfully on the defendant's railroad, nor the fact that his own negligence, or that of his parents, contributed to the injury, constitutes a bar to a recovery. Neglect on the part of the person in charge of the engine to use ordinary care to avoid injuring a person on the track, is, in contemplation of law, equivalent to intentional mischief. He has no more right to run over a person, lawfully or unlawfully, rightfully or wrongfully, on the track, if he can, by the exercise of ordinary care, avoid doing so, than he has to shoot him. Such a case furnishes a just and well established exception to the general rule, that contributive negligence on the part of the plaintiff will defeat a recovery. (*Davies* v. *Mann*, 10 M. & W., 546; *Bird* v. *Holbrook*, 4 Bing., 628; *Tuff* v. *Warman*, 5 C. B. [N. S.], 573; *Scott* v. *Dublin, etc. R. Co.*, 11 Irish C. L., 377; *Button* v. *Hudson R. R. Co.*, 18 N. Y., 258; *Austin* v. *N. J. Steamboat Co.*, 43 id., 75; *Haley* v. *Earle*, 30 id., 208; *Lannen* v. *Albany Gas-light Co.*, 44 id., 463; *O'Mara*

v. *Hudson R. R. Co.*, 38 id., 445; *Mangum* v. *Brooklyn R. Co.*, id., 455; *Costello* v. *The Syracuse, etc., R. Co.*, 65 Barb., 92; Shear. & Red. on Neg. [3d ed.], § 36; Add. on Torts, 21.)

What shall be evidence of an omission of ordinary care, in a particular case, will depend upon the circumstances attending it. If the person on the track be an adult, the usual signals and warnings of an approaching train ordinarily will suffice, and if these are not heeded, and the engine driver is unable to stop the train after he becomes aware that they are not observed, no neglect of duty can be imputed; for it cannot be laid down as a rule of law, that it is incumbent upon railroad companies to cause their trains to be stopped whenever a person is in danger by being on their road. Adults may be reasonably expected to take notice of the signals and warnings, and remove themselves out of danger, and if they do not, and if an accident eventually happens, no liability against the company will ensue. But, for obvious reasons, in the case of a small child like the plaintiff, such reliance upon the signals and warnings cannot be reasonably indulged, and it is the duty of the engine driver to act with a greater degree of care and circumspection than in the case of an adult. (Cases *supra*; *Railroad* v. *State*, 36 Md., 364; *Norris* v. *Litchfield*, 35 N. H., 271; *State* v. *Railroad*, 52 id., 528.) In the case before us, the court, instead of granting a nonsuit, should have submitted to the jury the question, whether, considering all the circumstances of the case, there had been an omission on the part of the engine driver, of ordinary care to avoid the injury, and to instruct them that if they should find in the affirmative, the presence of the plaintiff upon the track did not bar a recovery.

For these reasons, there must be a new trial, with costs to abide the event.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

New trial ordered, costs to abide the event.