CUTLER & PARKER v. McCORMICK, HALL & PORTER.

1. **Mechanic's Lien:** SUB-CONTRACTOR. To entitle a sub-contractor, or a party furnishing a sub-contractor with materials, to a lien therefor, he must give notice thereof to the owner or his agent, and his lien attaches only to the extent of the balance due the contractor at the time of giving the notice.

2. ———: ORDER: CONDITIONAL ACCEPTANCE. Where, under a contract for the erection of a building, the contractor gave to a party furnishing material an order upon the owner, which was accepted by him conditioned upon the performance of the contract, *held*, that whatever the contractor became entitled to thereafter must be applied to the payment of the order.

*Appeal from Black Hawk Circuit Court.*

SATURDAY, APRIL 20.

ON the 2d day of November, 1875, the plaintiffs filed in the Black Hawk Circuit Court a petition claiming of the defendants, McCormick, Hall & Porter, the sum of four hundred and twelve dollars and sixty cents, on account of building material furnished for the erection of a school-house for the

independent district of East Waterloo, and asking the enforce-
ment of a mechanic's lien upon said building therefor.

On the 7th day of March, 1876, Ricker & Lindley filed their
petition of intervention as follows:

"1.   That they are a copartnership; that on or about the
5th day of November, 1874, the defendants, McCormick, Hall
& Porter, a copartnership, made and entered into a written
contract with their co-defendant, the independent district of
East Waterloo, a corporation existing under the laws of Iowa,
to build, construct, and erect, a four-story brick and wood
school-house, as per specifications attached to said contract,
on real estate described therein, of which said district was
then, and is now, the owner in fee simple, for the sum and price
of sixteen thousand dollars, to be paid to said McCormick,
Hall & Porter as follows: First, when the basement story was
up, and the first story joists on, three thousand five hundred
dollars; second, when the first story was up, and the second
story joists on, two thousand two hundred dollars; third,
when the second story was up, and the third story joists on, two
thousand dollars; fourth, when the roof was on, composition,
shingles, and dormer windows in, three thousand dollars;
fifth, when the contract was fully completed and accepted, the
balance, five thousand dollars.

"2.   That in pursuance of said contract said McCormick,
Hall & Porter entered upon the construction of said building,
and in furtherance thereof on or about March 8, 1875, made
a verbal contract with intervenors to furnish them with a large
amount of lumber and material to be used in constructing
said building.   That in pursuance of said contract with
McCormick, Hall & Porter, intervenors furnished a large
amount of lumber, etc., and other building material used in the
erection of said building.

"3.   That on or about July 18, 1875, intervenors, fearing
they would lose their claim against said contractors, filed a
mechanic's lien upon said building and premises within six
months from the date of furnishing same, for the materials so

furnished, in the manner provided by section 2133 of Code, and act amendatory thereto, and immediately gave due notice to said McCormick, Hall & Porter and the said independent district of East Waterloo.

"4.    That at the time of filing said mechanic's lien no other liens were filed against said premises and building, and said lien was the first lien thereon.

"5.    That at the time of filing said lien the first three payments had been paid to McCormick, Hall & Porter, and there were yet remaining unpaid the last two payments above specified.

"6.    That prior to filing said lien, and ever after the commencement of said building, said contractors had been short of money, and had repeatedly given orders upon said district in payment for work done and materials furnished thereon to them in the erection of said building, to be paid out of the next payment that should fall due to them, and that said orders had been invariably paid by said district when the payment and fund upon which drawn became due, and intervenors, at the time of the transactions hereinafter set forth, were knowing of the practice and custom of said contractors of giving such orders as aforesaid, and of their payment by the district as aforesaid.

"7    That after intervenors so filed their lien as above, and it became known to the men employed by said contractors at work upon said building, and those furnishing materials therefor, that said lien had been filed, they, including plaintiffs' and defendants' lienors, threatened to quit work and stop furnishing materials, unless said contractors caused intervenors' lien to be removed.

"8.    That afterwards, and in order to prevent their men from quitting work and from stopping the furnishing of materials, and in order to prevent the work on said building from stopping, said contractors came to intervenors and proposed to give them orders upon the next payment which should become due, if these intervenors would release their

lien so filed as above. That thereupon a computation was had of amount due these intervenors for such material, and found due three thousand nine hundred and fifty-two dollars and ninety-seven cents. That in consideration that intervenors would release their lien upon said building, so that the work on the premises could go on, defendants made and delivered to intervenors two certain orders upon said district and assignment of a part of said payments to be made, of which the following are copies:

" 'WATERLOO, IOWA, August 24, 1875.
"*To the Independent District of East Waterloo, and to the Board of Directors thereof:*

"Please pay to Ricker & Lindley two thousand four hundred and fifty-two dollars and ninety-seven cents, out of the fifth or last payment on the school-house building coming to us.

"McCORMICK, HALL & PORTER,
"by S. McCORMICK.'

" 'WATERLOO, IOWA, August 24, 1875.
"*To the Independent District of East Waterloo, and to the Board of Directors thereof:*

"Please pay to Ricker & Lindley the sum of one thousand five hundred dollars, out of our next payment on the school-house building.

"McCORMICK, HALL & PORTER,
"by S. McCORMICK.'

"9. That intervenors accepted said orders and assignments, and immediately gave notice thereof to said district, and thereupon released their mechanic's lien upon said building and premises.

"10. That plaintiffs' and defendants' lienors, with full knowledge that the defendants had given to intervenors the orders aforesaid, and that the same were accepted, the district notified and their mechanic's lien released, and that the amounts represented by said orders had been equitably

assigned by said contractors out of the two last payments to intervenors, about the 7th of September, 1875, filed their mechanic's lien as charged in said petition, and are seeking by this action to foreclose the same to the amount said district was owing contractors at the time of filing their lien.

"11.   That it was provided and agreed, in the contract and specifications above referred to between said McCormick, Hall & Porter and said district, that in case of any delay by the said contractors in providing the necessary materials, or deficiency of workmen to carry on the work on said building at any time, the said district might provide, at the expense of defendants, said contractors, all such materials or workmen, at such wages as the superintendent of construction of said building should deem proper, and the cost and charges incurred be retained from the contract as liquidated damages.

"12.   That soon after plaintiffs herein and other defendants filed their liens against said building, and before said building was completed to the fourth payment, work was stopped on said building; said McCormick, Hall & Porter failed to provide the requisite materials and workmen to carry on the work on said building and complete the same, and that thereupon said independent district was compelled to furnish, and did furnish, the requisite materials and workmen to complete said building, as it had the right to do under said contract, and thereby necessarily expended the whole of the amount of the last two payments, except the sum of about six hundred dollars.

"13.   That after completing said building, according to said contract, said independent school district would have owed and remained indebted to said McCormick, Hall & Porter, in case they had not given said orders, nor assigned the amount due to intervenors, in the sum of about six hundred dollars, which said sum said contractors had thereby assigned to these intervenors, and which, at time of filing of plaintiff's lien, was owing to intervenors, and at that time said district was not indebted to said contractors in any sum whatever.

"Prayer that the amount in the hands of said school district be paid over to intervenors, and that they have judgment therefor, and for general relief."

The plaintiffs demurred to the petition of intervenors, upon the ground that the facts stated do not entitle them to the relief demanded. The court overruled the demurrer, and the plaintiffs answered the petition of intervenors as follows:

"1. Admit the allegations in said petition contained in paragraphs one to five inclusive. Admit that intervenors took the orders mentioned in their petition, and released the mechanic's lien as alleged in paragraph eight. As to the truth of the further allegation in said paragraph, they have not knowledge sufficient to form a belief; but plaintiffs aver, and charge the fact to be, that a part of the verbal contract and agreement between said intervenors and McCormick, Hall & Porter, under which said orders were received by said intervenors, was that the same should be accepted by them, subject to certain conditions and stipulations indorsed upon the back thereof by the said independent district of East Waterloo, which conditions were as follows:

" 'WATERLOO, August 25, 1875.

"This order is accepted upon the conditions only that said McCormick, Hall & Porter finish the said school building in accordance with their contract, to such a stage as will entitle them under said contract to their next or fourth payment as therein expressed, and is payable only after this board has accepted and agreed to pay the amount on said building as completed to the stage aforesaid.

"[Signed] BOARD OF DIRECTORS IND. DIST. EAST WATERLOO,
"by LEWIS LICHTY, Secretary of said Board.'

"And plaintiffs aver that said intervenors did accept said orders, subject to the stipulations indorsed thereon as aforesaid, and such stipulations became and were a part of said orders. That said McCormick, Hall & Porter never did in fact complete the school building in question to a stage that

entitled them to demand or receive either of the payments mentioned in said orders, or in the stipulations or acceptance indorsed thereon, as above stated.

"2. Admit that intervenors herein released their mechanic's lien as stated in paragraph nine, but as to the further allegations therein they have not knowledge sufficient to form a belief.

"3. Admit that they filed their mechanic's lien as stated in paragraph ten, and that they had knowledge of the execution and delivery to intervenors of the orders set forth in their petition, and of their acceptance thereof by intervenors upon the conditions and subject to the stipulations contained in the indorsements upon the back thereof, and of the other allegations in said paragraph contained plaintiffs have not knowledge sufficient to form a belief.

"Admit the allegations in paragraph eleven of petition of intervenors. Admit that said McCormick, Hall & Porter suspended work on the building in question, but aver that such suspension occurred before the filing of plaintiffs' lien. Admit the completion of said building by said district, and expenditure of the moneys to become due on said contract, as charged in paragraph twelve of said petition."

The intervenors demurred to this answer upon the ground that the facts stated therein do not constitute a defense to the cause of action stated in intervenors' petition. The court sustained this demurrer, and the plaintiffs electing to stand upon their answer and refusing to plead over, the court rendered judgment against them for costs. The independent district of East Waterloo, having admitted the sum of six hundred and twenty-one dollars and six cents to be in its hands, and expressed a readiness to pay it to such person as the court might direct, judgment was rendered in favor of intervenors against the district for that sum.

The plaintiffs appeal.

Cutler & Parker v. McCormick, Hall & Porter.

*Boies & Couch*, for appellants.

*Alford & Elwell*, for appellees.

DAY, J.—The errors assigned are—*First*, the court erred in sustaining the demurrer of intervenors to plaintiffs' answer to their petition; *second*, the court erred in rendering judgment against plaintiffs for costs, on the trial of the issue of law made by intervenors' demurrer to plaintiffs' answer to their petition; *third*, the court erred in rendering judgment in favor of intervenors for the sum due from defendant, independent school district of East Waterloo, to defendants McCormick, Hall & Porter, and in deciding and adjudging that plaintiffs, upon the facts disclosed in the pleadings, were not entitled to judgment against said school district for the amount of their claim. These assignments are so intimately blended, that the case can be better decided by considering and determining the legal status and rights of the parties under the pleadings, than by disposing *seriatim* of the assignments of errors.

<span>1. MECHANIC'S lien: sub-contractor.</span>

The petition of plaintiffs alleges that, of the material furnished by them to McCormick, Hall & Porter, two hundred and thirty-four dollars and eight cents in value was furnished between April 19 and July 18, 1875, one hundred and fifty-one dollars and ninety-one cents between July 18 and August 25, 1875, and one hundred and twenty-one dollars and fifty-three cents between August 25 and Septembr 6 of the same year, and that on this account there is a credit of one hundred and five dollars and eighty cents. The petition also alleges that plaintiffs filed a mechanic's lien on said building, for the material so furnished, on the 7th day of September, 1875, and immediately gave written notice to McCormick, Hall & Porter, and said independent school district of East Waterloo, of the filing of such lien. Plaintiffs did not give notice to the said independent school district, before or at the time of furnishing the material, of their intention to furnish

the same, and the probable value thereof, as provided in section 2131 of the Code, as amended by chapter 49, Acts Fifteenth General Assembly.

The lien was claimed under section 2133 of the Code. This section, as amended by chapter 49, Acts Fifteenth General Assembly, is as follows: "Every sub-contractor, or person furnishing material, machinery or fixtures, or performing labor by virtue of a contract with a sub-contractor, may, at any time within six months after his labor is done or materials furnished, make a statement thereof in writing, supported by affidavit, that the same is just and true, and file the same with the clerk of the District Court of the proper county, and give notice thereof, with a copy of such statement, to the owner, his agent, or trustee, and to the contractor (or) sub-contractor; and from and after the service of such notice his lien therefor shall have the same force and effect, and be prosecuted in like manner, as a lien by the contractor, but shall be enforced against the property only to the extent of the balance due to the contractor, or sub-contractor, as the case may be, at the time of the service of such notice upon the owner, his agent, or trustee." While this statute provides that the lien shall be enforced only to the extent of the balance due to the contractor, or sub-contractor, at the time of the service of the notice, yet it is apparent that the object of the provision is to protect the owner from the payment of any sum greater than that contemplated in his contract. A construction of this section, according to its purpose and spirit, would doubtless permit the enforcement of the lien against any sum due from the owner, or thereafter becoming due, under his contract. The real question in this case then is, was anything due, or did anything become due, from the independent district, to McCormick, Hall & Porter, after notice of plaintiffs' lien on the 7th day of September, 1875?

Here it becomes necessary to notice the effect of plaintiffs' answer to the intervenors' petition. This answer admits most of the allegations of the petition of the intervenors, and

as to others of them it alleges that plaintiffs "have not knowl-edge sufficient to form a belief." This allegation tenders no issue, under the doctrine of *Manny & Co. v. French,* 23 Iowa, 250. It follows that all the allegations of the intervenors' petition are admitted, and that the answer thereto alleged no new fact, except as regards the conditional acceptance of the orders drawn in favor of intervenors by McCormick, Hall & Porter. From the allegations of the petition of intervenors the following facts appear: Before plaintiffs' lien was filed, McCormick, Hall & Porter had been paid the first three pay-ments provided for in their contract, and they had drawn, in favor of intervenors, an order to be paid out of the fourth pay-ment for fifteen hundred dollars, and one to be paid out of the fifth and last payment for two thousand four hundred and fifty-two dollars and ninety-seven cents. Before the building was so far completed as to entitle McCormick, Hall & Porter to the fourth payment, they failed to provide materials and workmen, and the district was compelled to complete the building, as it had a right to do under the contract, and in doing so necessarily expended the whole of the last two pay-ments, except the sum of about six hundred dollars. It fol-lows that, at no time after plaintiffs' lien was filed, did the independent district in question become liable under its contract for more than this sum of six hundred dollars. Did this become due to McCormick, Hall & Porter so that the plain-tiffs' lien attached thereto? This question involves a deter-mination of the effect of the orders drawn in favor of intervenors. These orders operated as an equitable assignment to intervenors of the sums named therein. When notified of the orders, the district became in equity bound to pay these sums when they became due to the intervenors. See 2 Story's Equity Jurisprudence, § 1044.

2. ——
order:
conditional
acceptance.

This equitable obligation would exist without any accept-ance of the orders upon the part of the district. But it is claimed that the rights of intervenors are materially affected

by the conditional acceptance. The conditions attached to the acceptance are the same as existed between the district and the contractors. Whenever the contractors became entitled to anything under their contract, to the extent of the sums named in the orders, intervenors became entitled to it under the acceptance. The intervenors furnished material for the erection of the building on which plaintiffs claim a lien, and their equities are just as good as those of plaintiffs. We think nothing became due the contractors upon which plaintiffs' lien attached, and that intervenors are entitled to the sum in the hands of the school district. See *Copeland v. Manton,* 22 Ohio State, 398; *Cahoon v. Levy,* 6 Cal., 295; *McCelpin v. Duncan,* 16 Cal., 126; *Blythe v. Poultney,* 31 Cal., 233.

The court did not err in sustaining the demurrer, nor in rendering judgment for the intervenors.

AFFIRMED.