WICKHAM BROS., Appellants, v. MARY J. MONROE, Administratrix, *et al.*, Apppellees.

1. **Mechanic's Lien**: NOTICE OF FILING SERVED UPON OWNER'S ATTORNEY. An attorney intrusted by the owner of premises with the adjustment of claims of the contractor and subcontractors, is an agent, within the meaning of section 2134 of the Code, requiring notice of the filing of a mechanic's lien to be served upon "the owner, his agent or trustee." Service upon such agent is not impaired by the fact that the notice served is addressed to the owner by name.

2. ————: OWNER NOT LIABLE BEYOND CONTRACT PRICE. The claim of a subcontractor, for materials furnished in the construction of a building, will not be established as a lien upon the premises when it appears that the payments made by the owner and the senior liens are equal to the amount of the contract price.

*Appeal from Pottawattamie District Court.*—HON. H. E. DEEMER, Judge.

FRIDAY, JANUARY 19, 1894.

ACTION in equity to recover an amount due for labor and material furnished for the erection of a dwelling house, and to establish a mechanic's lien. There was a hearing on the merits, and a judgment in favor of the plaintiffs for the amount due, but their right to a lien therefor was denied. The plaintiffs appeal.— *Affirmed.*

*Harl & McCabe,* for appellants.

*Stillman & Stillman,* for appellee S. A. Stillman.

Robinson, J.—The agreement for the construction of the building in question was entered into between the appellee Mrs. Stillman as owner, and one George S. Monroe as contractor, and provided for the payment of six thousand, nine hundred and fifty dollars for the building completed. The plaintiffs claim that, as sub-contractors of Monroe, they furnished labor and material for the construction of the building of the value of one thousand, one hundred and ninety dollars, which, with interest, is due and unpaid, and for which a mechanic's lien is asked. The appellee Mrs. Stillman claims that much of the material and labor used in constructing the building was inferior to that contemplated by the agreement, that the building is unfinished, and that it will cost one thousand dollars to complete it; that she has already paid five thousand, six hundred dollars on account of her agreement with Monroe; that there are liens superior to the claim of the plaintiffs, which will exhaust what there is, if anything, due under the agreement; and that the plaintiffs are not entitled to a lien on the building. Monroe having died, the administratrix of his estate is made a party defendant. The district court rendered judgment against her, and in favor of the plaintiffs, for the amount of their claim, but refused to establish a lien therefor as against the building in question, on the ground that no sufficient legal notice of the filing of the statement for a lien was served on Mrs. Stillman within thirty days from the date of the completion of the contract, and on the additional ground that, when the notice was served, the amount she had paid, and for which she was liable, was as great as the amount due under her agreement.

I. The last item of the claim of the plaintiff was furnished on the eighteenth day of December, 1889. On the sixth day of the next month they filed, in the proper office, a statement for a mechanic's lien, and on the next day served on Burke & Hewitt a notice in writing of the filing of the statement. The notice was directed to Mrs. Stillman, and was served on Burke & Hewitt as her "agents and attorneys." It is claimed that they were not her agents, within the meaning of the statute which provides for the service of such a notice upon the "owner, his agent or trustee." The provisions of the statute in regard to such notice are designed to enable the subcontractor to preserve his lien as against the owner, and to protect the latter from the payment of more than the contract price. Sec. 7, chap. 100, of Acts of the Sixteenth General Assembly; *Cutler v. McCormick*, 48 Iowa, 414. If the service is made upon the person who is intrusted with the business of adjusting the claims of the contractor and subcontractor, it is made upon an agent of the owner, within the meaning of the statute. There is some claim that Burke & Hewitt were the attorneys for Mrs. Stillman only for special purposes, and that they were not her agents for the ∙ purposes of receiving notice of mechanics' liens. Mrs. Stillman went to Michigan early in January, and left with Burke & Hewitt, for settlement, her business with Monroe and his subcontractors. They were empowered to make settlements for her, and to represent her in litigation which grew out of the Monroe contract. They were given the papers relating to mechanic's liens, and acted for Mrs. Stillman in the matters specified. While it is true that they were not given charge of the property, yet they had control of the business to which the notice in question referred, and service upon them was more beneficial to Mrs. Stillman, and answered the purpose for which it was intended

*Marginal note: 1. MECHANIC'S lien: notice of filing served upon owner's attorney.*

more fully than it would had it been served on the person in actual control of the property.

It is said the service of the notice was not sufficient because addressed to Mrs. Stillman, and not to the agents; and the case of *Steele v. Murry*, 80 Iowa, 336, is cited in support of that claim.   In the case cited it was held, that a notice of the expiration of the right of redemption from a tax sale and the making of a tax deed must not only be served upon, but be addressed to, the person in possession of the land.   Such a person is entitled to notice, not in a representative capacity alone, but in his own right, while, under the mechanic's lien law, the service is made upon the agent only in his representative capacity.   We think the notice was sufficient in form, and that its service was binding upon Mrs. Stillman.

II.   There is some disagreement in regard to the credits for extra labor and material to which the contractor was entitled, and in regard to the credits to which Mrs. Stillman is entitled, and we regret that on this branch of the case we have received but little aid from her attorneys.   After deducting from the contract price the payment made by her, there appears to remain the sum of one thousand, five hundred and seventy-nine dollars, and fifty-seven cents, according to the finding of the district court, or one thousand, five hundred and fifty-seven dollars according to the claim of the appellants, to be appropriated for the benefit of subcontractors.   To that should be added five hundred and seventy-four dollars, for which the district court correctly found that the contractor was entitled to a credit on account of extra labor and material furnished by him, and we have a total of two thousand, one hundred and thirty-one dollars.   To offset that, Mrs. Stillman claims that she is entitled to three hundred and eighty-two dollars and forty-five cents allowed by the district

2. ——: owner not liable beyond contract price.

court on account of certain omissions and deficiencies in the work, and to an allowance for delay in completing the house. We think she is entitled to the allowance made by the district court for deficiencies, but not to an allowance for delay in finishing the building, for the reason that the delay was due to changes in the contract which she caused to be made.

Mrs. Stillman also claims that subcontractors' liens to the amount of two thousand, eight hundred and twenty dollars and thirty-seven cents have been established against the property, in actions which were submitted to the district court with this one, and tried on the same evidence, and that such liens are senior to the claims of the plaintiff. Of the decrees rendered in those actions establishing liens, a part amounting to one thousand, seven hundred and twenty-six dollars and thirty-eight cents, were rendered against the administratrix and Mrs. Stillman jointly, and a part, amounting to one hundred and forty-nine dollars and fifty-six cents, were rendered against Mrs. Stillman alone. It is claimed by the appellants that, as to the decrees rendered against her, Mrs. Stillman must be regarded as a principal defendant, and, therefore, that such decrees can not be regarded as superior to their claim. That is true, however, only as to a small part of the decrees so rendered. As to the remainder, Mrs. Stillman was in effect only a surety for the contractor. No doubt, she alone was liable for a part of the labor and material on account of which the decrees were rendered, but, after making proper deduction for that part, the amount remaining due on the decrees is more than sufficient to offset the balance due to the estate of Monroe under the contract, and for extras.

The appellants contend that certain items, amounting to the sum of two hundred and eighty dollars, claimed by Mrs. Stillman as credits, should not have been allowed, but, as no disposition which can be made

of them by us would affect the result in this case, we find it unnecessary to announce any conclusion in regard to them.    The same is true of other matters discussed by the appellants.

It appears that the aggregate amount of the payments already made by Mrs. Stillman, and of the liens established which are paramount to the claims of the plaintiffs, is at least as great as the amount of her contract with Monroe, including her liability for extras he furnished, required her to pay.  Therefore, the demand of the plaintiffs for the establishment of a mechanic's lien in their favor must be denied.    The judgment of the district court is AFFIRMED.