SMITH–ANTHONY STOVE COMPANY, Respondent, v. J. W. SPEAR *et al.*, Appellants.

### Kansas City Court of Appeals, February 3, 1896.

1. **Mechanics' Lien:** NOTICE OF INTENTION TO FILE: SERVICE: AGENT. Notice of an intention to file a lien may be served on one who acted as agent for the landowner in the transaction; and, where the agent is co-owner, he may receive notice as principal for himself and as agent for the other co-owner.

2. ———: CREDIT: RELIANCE ON LIEN: INSTRUCTION. If a sale is made on credit with knowledge on the part of the vendor that the material is to go into a building, the reasonable inference is, in the absence of anything to the contrary, that the sale was made and the credit extended in reliance on the lien; and the appellant can not here complain of indefiniteness in an instruction, since his own adopted the same expressions.

3. ———: TIME OF FILING: PETITION. Where the evidence and the account show that the last item was purchased August 19, and the lien was filed the twenty-fifth of November thereafter, it is in time, and the fact that the petition mistakenly alleged August 10 makes no difference, since either date would be sufficient.

4. ———: VERIFICATION OF: AGENT. Where the affidavit does not show that the affiant was the agent of the latter, or acted for him, nor does the original petition so allege, it would be sufficient if an amended petition shows such agency.

5. **Appellate Practice:** DEMURRER TO EVIDENCE. Where, at different periods of a trial, a demurrer is presented to the testimony, the appellate court will only consider such demurrers with reference to the whole testimony.

*Appeal from the Jackson Circuit Court.*—HON. CHARLES L. DOBSON, Judge.

AFFIRMED.

*Downs, Morrin & Barnes* for appellants.

(1) The statute requires mechanics' liens to be filed within a certain time. That certainly means a lien containing all of the necessary statements; and if this lien was imperfect by reason of the omission to state therein that the affiant was plaintiff's agent, then to allow it to be cured or amended after the time had expired in which it should have been filed would amount to a permission to file the lien after more than four months had expired. It has been held in similar cases that a statement in the petition of this fact would cure the omission in the lien; but there is no authority for permission given in this case to amend the petition to make it state this fact after the time had expired for filing the lien. And this can not be done. *Dennis v. Williams*, 2 Pa. Dis. R. 481. (2) The subcontractor's notice to the owners, the paper put in evidence as the lien, and the petition and amended petition all charge the defendants, Hucke & Sexton, to be partners. No offer was made to amend the petition. It is certainly no proof of the allegation that notice was served on "Hucke & Sexton as partners" to show that they were co-owners and notice was served on Sexton only, and the evidence shows that Sexton was Hucke's agent. If the service was intended for George Hucke it should have been addressed to him. (3) The fact to be proved was that the plaintiff relied on its lien when it gave the credit. The testimony offered, and the only testimony on that subject, was that some officer or agent knew the goods were to go into Hucke & Sexton's house. And, so, a second inference must be drawn from a result of the first. The court permitted the jury to infer from the testimony that the officer or agent who knew where the goods were to go was the one who extended the

credit; and from that infer that when he extended the credit the right to a lien was an inducement. It is a well settled principle of law that an inference can not be drawn from an inference, nor a presumption founded on a presumption. Best on Presumptive Evidence, p. 95; Stark on Evidence, p. 80; *Douglass v. Mitchell*, 35 Pa. St. 444; *Richmond v. Nicken*, 25 Vt. 326; *U. S. v. Ross*, 92 U. S. 281; 1 Elliott's General Practice, p. 21, par. 22.

*W. C. Stewart* for respondent.

(1) Appellants contend that the lien was defective because the affiant did not state in the verification that he did it for the lienor or that he was his agent. In this appellants are in error. The statute requires that the statement for the lien shall be verified by affiant for the lienor; not that affiant shall state in the affidavit that he does it for him. R. S. 1889, sec. 6709, last clause, "or some credible person for him." *Schroeder v. Mueller*, 33 Mo. App. 33; *Lumber Co. v. Webber*, 43 Mo. App. 179, and authorities cited. (2) The statute requires the notice to be given to the "owner or owners, or their agents, or either of them." Hucke was an owner, and, under the facts proven, Sexton was his agent, and was served. *Johnson v. Building Co.*, 23 Mo. App. 552. (3) The facts show that the agent who received the order must have got the information where the goods were to be used. And the reasonable conclusion is that having the means of securing the payment for the goods by lien furnished him as an inducement to extend the credit, he relied on it—on the right to a lien in selling and extending the credit to Speer on the goods.

ELLISON, J.—This is an action to enforce a mechanics' lien for material sold by plaintiff to the defendant Speer, as contractor; the other defendants being owners of the buildings. The judgment was for plaintiff, enforcing the lien against the buildings. The owners of the property appeal.

Since the verdict of the jury was for plaintiff, we will assume to be true whatever the evidence tended to prove. Objection is made to the notice of intention to file a lien. The abstract does not disclose how the notice was served and we get an imperfect understanding of just how the matter stands. But whether Hucke & Sexton be regarded as partners, or co-owners of the property, can make no difference, since it appears that Sexton was the one who purchased material and paid bills for the buildings. It is clear, from what is stated and from what seems to be conceded, that he acted as agent for Hucke. The service of notice on him alone, as and for both, was, therefore, sufficient. He could receive the notice as principal, for himself, and as agent for Hucke.

It is urged that there was no proof that plaintiff relied on the lien when it sold the material and gave the credit. The evidence showed that the "plaintiff or its officers or agents" knew that the material was to go into these houses. It is true this does not show whether it was the plaintiff, or its officers, or its agents, who knew the fact. The most it shows is that one or the other did. But we think it only fair to say that under the circumstances, as developed in the case, the officers or agents were of such character as took part in the sale of the material. But, be that as it may, defendants submitted and had given an instruction adopting the same indefinite expressions, using the same language in substance. It is, however, said that

though the plaintiff knew the material was to go into the houses, yet it was bond to show that it made the sale and gave credit, relying on the lien. We think this need not be shown in direct terms. If the evidence shows the sale was made on credit, with a knowledge on the part of the vendor that the material was to go into a building, the reasonable inference is, and may be drawn in the absence of anything to the contrary, that the sale was made and credit extended in reliance on the lien. And in this connection it was perfectly proper to permit the purchaser to state that he purchased the material for the buildings.

The point is made that the lien was not filed within the four months prescribed by statute. The evidence showed that the last item was purchased on August 19 (the account shows this and the evidence shows it correct) and the lien was filed November 25 thereafter. This was sufficient. It is true the petition alleges that the account accrued August 10, but we suppose this to be a clerical error. At any rate, it would make no difference which date is accepted as correct.

We are at a loss to understand why there should be any argument about whether the account accrued at the time the material was delivered on the cars at Chicago, or when delivered at the houses in Kansas City. It is clear that the delivery on the cars was after the sale and that the delivery and use at the houses was before the lien was filed. In either way it may be taken, the lien was filed within the proper time.

The statute directs that the lien paper shall be verified by the lienor, or some credible person for him. The affidavit did not show that the affiant made the oath as the agent of plaintiff, or for it. Neither did the original petition show that the affiant made the oath for the plaintiff, nor did any other part of the

record at that time.    But afterward an amended petition was filed, showing the affiant to be the agent of plaintiff, and that he made the oath for the plaintiff. In *Missouri Valley L. Co. v. Webber*, 43 Mo. App. 179, we held that if the petition showed the agency of the affiant it was sufficient, since the statute, while permitting the affidavit to be made by someone for the plaintiff, did not require that it should be so stated in the affidavit.    The only difference here is that the agency was made to appear by an amended petition, and we think that was allowable.

We have considered the entire evidence as presented, as the basis of what we have said.    At different periods of the trial, defendants presented a demurrer to the testimony, and we deem it proper to say that we have considered the entire evidence without regard to the merits of the demurrer at the particular time when it was presented; since, if a party offers testimony after his demurrer is overruled, the full testimony must be considered. And so, if the court, in its discretion, permits the party against whom the demurrer is offered to present further evidence, we will consider such additional evidence in passing on the point whether a case was made for the jury.

We have gone carefully over the arguments and suggestions offered by appellant's counsel and find nothing to justify a reversal.    The judgment will, therefore, be affirmed.    All concur.