STREET LUMBER COMPANY *vs.* MARY A. SULLIVAN.

Hampden. January 27, 1909. — March 29, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Mechanic's Lien. Notice. Agency.*

The notice required by R. L. c. 197, § 3, to be given in writing to the owner of property to be affected by a mechanic's lien for materials furnished, when such owner is not the purchaser of such materials, is a personal notice, and notice to the agent of the owner, who has charge of contracting for the erection of the building in which the materials are to be used and of supervising its construction, is not sufficient.

PETITION, filed on January 20, 1906, to enforce a mechanic's lien for lumber furnished by the petitioner and used in the construction of a dwelling house of the respondent in that part of Chicopee called Chicopee Falls.

In the Superior Court the case was referred to James L. Doherty, Esquire, as auditor, who filed a report, in which appeared the material facts which are stated in the opinion. Later the case was heard by *Wait,* J., upon the auditor's report. The respondent asked the judge to make the following rulings:

1. That no notice in writing was given to the owner of the premises sought to be charged, as required by R. L. c. 197, § 3, and that the petitioner is not entitled to maintain its petition.

2. That a written notice to John D. Sullivan [the husband of the respondent] did not create a lien in favor of the petitioner against the property of the respondent.

The judge refused to make these rulings. He sustained the lien for the amount found due by the auditor and ordered a sale

of the premises in order to satisfy the lien, subject to a mortgage of the Chicopee Falls Savings Bank. The respondent alleged exceptions.

The case was submitted on briefs.

*D. E. Leary, E. W. Beattie, Jr., & G. D. Cummings*, for the respondent.

*M. L. Welcker*, for the petitioner.

BRALEY, J. The respondent not having been the purchaser, the petitioner has no lien for the lumber furnished unless it gave the notice required by R. L. c. 197, § 3, which provides that " the lien shall not attach for materials unless the person who furnishes them, before so doing, gives notice in writing to the owner of the property to be affected by the lien, if such owner is not the purchaser of such materials, that he intends to claim such lien." In *Whitford* v. *Newell*, 2 Allen, 424, 426, where the effect of this requirement found in earlier legislation, which by re-enactment is still the law, was considered, it was held to have been the legislative purpose that the owner should have actual knowledge in advance of an intention to charge his estate with an incumbrance for materials which were to be furnished wholly upon the authority or with the consent of the contractor. St. 1855, c. 431, § 1. Gen. Sts. c. 150, § 2. St. 1872, c. 318, § 3. Pub. Sts. c. 191, § 3. R. L. c. 197, § 3.

The petitioner does not contend that the respondent as the owner of the premises was personally notified, but the notice was addressed and delivered to her husband, who is found to have acted as her agent in contracting for the erection of the building with the exception of the brick work, and by whom its construction was supervised. The notice, moreover, does not purport to be directed to the respondent, as the petitioner believed that the title was in her husband, whom it intended to hold responsible as the owner of the land, but it later discovered that he was acting only as agent. It is no doubt settled in the law of agency as the petitioner contends, that notice to an agent of an undisclosed principal, where he is acting within the scope of his agency, is constructive notice to the principal, who must be charged with the agent's knowledge. A lien for materials, however, having been conferred solely by statute, does not come into existence unless the statutory conditions are strictly

followed. *Trask* v. *Searle*, 121 Mass. 229. *General Fire Extinguisher Co.* v. *Chaplin*, 183 Mass. 375, 378. *Shelton* v. *Sears*, 187 Mass. 455. In some jurisdictions it is provided, that for this purpose notice either to an owner or to his agent is sufficient. *Wickham Bros.* v. *Monroe*, 89 Iowa, 666. *Smith-Anthony Stove Co.* v. *Spear*, 65 Mo. App. 87. *Leav Lumber Co.* v. *Auer*, 123 Wis. 178. *Jarden* v. *Pumphrey*, 36 Md. 361. Or such service is authorized where the owner is absent from the county. *Wiltsie* v. *Harvey*, 114 Mich. 131. But if the Legislature had intended that constructive as well as personal notice would perfect the right, our statute would have so provided. In the absence of such provisions the notice must be served upon or received by the owner himself, or there is a failure to comply with the statutory requirements, and, there having been no foundation for the petitioner's lien, it never attached. *Blanchard* v. *Ely*, 179 Mass. 586. *Fletcher* v. *Stedman*, 159 Mass. 124. *Pou* v. *Covington & Macon Railroad*, 84 Ga. 311.

The petition, therefore, cannot be maintained, and the rulings requested should have been given.

*Exceptions sustained.*