Morgan, J.
On rehearing, original opinion withdrawn and the following substituted.
This case involves a writ of error similar in every material respect to case number 3870 of this court, just decided, except that in this case the answer of the owner does not state the contract price between it and the contractor for the construction of the house, and with the further exception that in this case the owner contends, in addition to the errors assigned in the other case, that the lien claimant did not prove that the person on whom the copy of the lien statement was served was the agent of the owner, such agency being in issue and the burden being upon the lien claimant; and that the evidence of the claimant was insufficient to prove that all material for which the lien is claimed was received by the contractor and used in the building.
The absence of a statement in the answer as to the amount of the contract price renders the answer less sufficient to constitute a defense, under the conclusions, reached in the other case, than the answer in that case, hence the views announced in that case govern the contention here.
As to the proof concerning the agency of Crawford, the person on whom the copy of the lien statement was served, it is sufficient to warrant the foreclosure of the lien. This contention is highly technical because there is no statement in the answer nor any contention in the record or the briefs that the owner was not fully informed by the service as made, or that it was in any way injured or prejudiced. The answer itself states that when the copy of the statement was delivered to said Crawford the owner was not indebted to the contractor in any sum whatever, and that long prior thereto the *26 owner had paid the contractor in full. The answer admits that Crawford “was cashier and bookkeeper of the owner’s sugar factory in the town where the evidence showed the building’ was constructed, and, as the sugar company was a foreign corporation, and was constructing this building as such, the proof was sufficient in this regard under the circumstances.
Decided March 10, A. D. 1913.
Judgment affirmed on rehearing November 10, A. D. 1913.
The proof was also sufficient that the materials were used in the construction of the building. It appears from the evidence introduced by the claimant that none of the items of account for which the lien is claimed were delivered elsewhere than “at the job,” and that no other structure was being built by the said contractor or his men near said job at the time of the deliveries. The evidence shows that the entries of the items were just and true and made in the regular course of business. One witness testified that he would not say that every one of said pieces went into the building; but he would say, “all that I know about it is they were delivered there. I knew, that practically the quantity of repairing and alterations done there required about such deliveries as I made. I saw the porch columns and windows put in; also many other things hauled I saw in the house there — put into the building. ’ ’ This, together with other testimony identifying the building with the materials furnished was sufficient, the owner introducing no testimony.
For these reasons, together with those given in case number 3870, the judgment is affirmed.'
Cunningham, P. J., dissents.