LIBERTY MUTUAL INSURANCE COMPANY, petitioner.

Suffolk.    February 1, 1937. — February 24, 1937.*

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Workmen's Compensation Act*, Appeal, Nature of procedure. *Equity Pleading and Practice*, Appeal. *Words*, "Notice," "Accident or mistake."

The provisions of G. L. (Ter. Ed.) c. 214, § 28, as to late appeal from decrees in equity are applicable in proceedings under the workmen's compensation act.

Failure to receive notice of the entry of a decree of the Superior Court in proceedings under the workmen's compensation act was "accident or mistake" warranting leave to appeal late under G. L. (Ter. Ed.) c. 214, § 28.

PETITION, filed in this court on January 23, 1937.

*S. L. Sabel*, for the petitioner.

*H. J. O'Sullivan*, for the respondent.

RUGG, C.J.    This is a petition by the insurer in a proceeding under the workmen's compensation act for leave to claim an appeal late from a decree entered in the Superior Court. The allegations of the petition are that a hearing was held on December 14, 1936; that a decree was entered on December 22, 1936, in the Superior Court ordering the present petitioner, as the insurer, to pay compensation to the employee under the provisions of the workmen's compensation act; that neither the insurer nor its counsel ever

---

* Printed out of order by direction of the court. — REPORTER.

received notice of the entry of such decree; that diligent search of the records and files of the insurer and of its counsel has failed to discover any trace of such notice; and that the insurer did not learn of the entry of the decree until long after the time for claiming an appeal had expired. The facts stated in the petition are verified by affidavit and were not seriously disputed at the bar.

It is provided by G. L. c. 152, § 11, as amended by St. 1932, c. 129, § 1, that in proceedings under the workmen's compensation act the Superior Court shall render a decree "and notify the parties." The word "notify" in this connection commonly imports that notice shall actually reach the parties. This point appears to be sufficiently covered by *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495. *Parker* v. *Boston Safe Deposit & Trust Co.* 186 Mass. 393. In the absence of any other controlling provision, a notice of this nature may be given by mail. *Blair* v. *Laflin*, 127 Mass. 518, 521. *Gloucester Mutual Fishing Ins. Co.* v. *Hall*, 210 Mass. 332, 335. Every presumption is that a notice sent by mail will be delivered and received. *Tobin* v. *Taintor*, 229 Mass. 174. The employee seasonably received a notice sent to him pursuant to said § 11 by the clerk of the court. The mail is not infallible, however, and in the face of a statement, supported by affidavit, of counsel in open court that the notice has not been received we are not inclined to assume that the notice was actually received by the insurer even though a like notice was received by the employee.

The insurer states that the definite question of law to be raised on the appeal is whether the Superior Court erred in holding that there was sufficient evidence to warrant the finding of the Industrial Accident Board that the employee was not unreasonable in his refusal to undergo an operation to relieve his injury and was therefore entitled to compensation. As this was amplified at the bar, we think, though with some hesitation, that there was a genuine question of law raised. *Dondis* v. *Lash*, 277 Mass. 477. *Lovell* v. *Lovell*, 276 Mass. 10, 11.

The present petition is brought under G. L. (Ter. Ed.)

c. 214, § 28. It is there provided that "A party who has, by accident or mistake, omitted to claim an appeal from a final decree within the time prescribed therefor may, within one year after the entry of the decree from which he desires to appeal, petition the full court for leave to appeal, which may be granted upon terms." That section relates to equity practice and procedure. The question is whether a proceeding under the workmen's compensation act falls within the scope of that section. It was held in *Gould's Case*, 215 Mass. 480, 483, that causes in court under the workmen's compensation act "should be treated as equitable rather than legal in nature, procedure and final disposition." That was one of the early cases under the workmen's compensation act. There has been constant adherence since that time to the principle there declared as to the equitable nature of the practice to be followed in court. Therefore the provisions of said § 28 are applicable to the present proceeding and this court has jurisdiction to consider the petition for leave to appeal late.

The circumstance that no notification of the entry of the decree was given to the insurer as required by the statute constituted "accident or mistake" as ground for the omission to claim an appeal within the meaning of those words in G. L. (Ter. Ed.) c. 214, § 28. *Wiakowicz* v. *Hwalek*, 273 Mass. 122.

It is ordered that the petitioner has leave to claim its appeal within five days after the filing of this order and opinion. Terms may be reserved until the final disposition of the appeal.

*Ordered accordingly.*