### GEORGE et al. v. ADAMSON.

No. 28276.   Jan. 31, 1939.

Mac Q. Williamson, Atty. Gen., and Fred

Hansen, Asst. Atty. Gen., for plaintiffs in error.

Lillard & Gibbons, for defendant in error.

BAYLESS, C. J. D. C. Adamson filed his application for a writ of mandamus to be issued from the district court of Oklahoma county directed to J. T. George et al., members of the Basic Science Board of Oklahoma. The alternative writ issued and was served. Return thereon was made, and upon hearing a peremptory writ as to a certain matter was granted, and the application was denied as to the other matters. The board has appealed.

The so-called Basic Science Act, article 28, ch. 24, S. L. 1937, 59 Okla. St. Ann. sec. 701 et seq., became effective April 19, 1937. Section 19 thereof reads in part:

"It is hereby expressly provided that the provisions of this act shall not apply to Indian Herb Doctors, Herb Doctors or Doctors who administer simple remedies who register with this board within sixty (60) days after the passage of this act and who have practiced in Oklahoma for two (2) years."

June 18, 1937, the last day upon which registration could be made, Adamson deposited in the United States mail at Oklahoma City an envelope addressed to Dr. J. D. Osborne, Secretary, Basic Science Board of Oklahoma, Frederick, Okla. It bore sufficient postage, and was duly registered and provided for a return receipt. It contained an application reading:

"This is to certify that I have practiced a branch of the healing art in the state of Oklahoma for more than fifteen (15) years.

"I therefore desire to take advantage of exemptions granted under Senate Bill 108. (Known as Basic Science Act of 1937.)

"Register the name of D. C. Adamson, Sr., on the records of the Basic Science Board for the simple remedies exemptions granted under section No. 19, Senate Bill 108, as above referred to."

This letter was delivered June 21, 1937, or 63 days after the act became effective.

The application of Adamson pleaded the passage of the act, supra, the organization and legal status of the defendant members, and other preliminary matters. Then he alleged that the board had failed to promulgate rules and regulations defining those entitled to register under the terms of the act, and had prevented him and others similarly situated from registering. He asserted that the board should be directed to promulgate proper rules and regulations covering such registration, and that he and those similarly situated should be given a new 60-day

period from the date of the promulgation of the rules within which to register. We notice that he did not ask that the board be required to register him by virtue of the fact that he mailed his registration on the 60th day.

In the return of the board it was stated that the board did not register Adamson upon the letter above mentioned for two reasons, only one of which need be noticed, viz.:

"* * * (a) The said application was not received within 60 days after the passage of the Basic Science Law. * * *"

The hearing was upon stipulation as to facts, based chiefly upon the allegations of fact of the pleadings. The trial court refused to direct the board to promulgate rules, etc., and refused to direct the extension of a new 60-day period thereafter; but the court did direct as follows:

"It is therefore ordered, adjudged and decreed by the court that a peremptory writ of mandamus issue, requiring, ordering and directing said Board of Basic Science Examiners to register plaintiff and other persons similarly situated whose applications for registration addressed to said board were placed in the mail on or before midnight, June 18, 1937, without the payment of any fee therefor."

This was done presumably upon the theory that the act of mailing was synonymous with the act of registering.

Adamson attempts to justify this ruling upon a statement of general law found in 21 R. C. L. 769, reading:

"The general rule is that service is effective when the notice is properly mailed, regardless of its receipt by the other party. The risk of miscarriage is with the person to whom the notice is sent. A rule of court providing that a copy of a motion for a new trial shall be delivered * * * on the day the motion is filed has been held to be satisfied by depositing such copy in the mail properly addressed."

The board opposes this rule, and both parties candidly admit they do not find a case involving a law of this type in point, nor have we found one.

We do not agree with the rule quoted from R. C. L. The opposite rule stated in 46 C. J. 559, sec. 69, is the better rule and supported by the greater number of decisions. It reads:

"In the absence of custom, statute, estoppel, or express contract stipulation, when a notice affecting a right is sought to be served by mail, the service is not effected

until the notice comes into the hands of the one to be served."

Then follows some exceptions not material here.

The statement of the rule in R. C. L. relating to agency and to motions for new trial is not the rule in Oklahoma. Roberts v. Sims, 111 Okla. 1, 237 P. 852. There it is said:

"Where the moving party deposits a motion for a new trial in the post office for delivery by registered mail, and the motion is not received by the court clerk until the fourth day after the verdict was rendered, he cannot avail himself of the plea of unavoidable delay. * * *

"When the defendant deposited the motion for new trial in the United States mail, he thereby selected the postal department as his agency for delivery. In sending it by registered mail he designated the particular method for its delivery. No showing was made that it could not in some other way have been delivered within the three days fixed by the statute."

In the later case of Bruner v. Eaton, 121 Okla. 209, 249 P. 734, a party, who had 60 days to make and serve a case-made, waited until two days before the time expired, and then mailed an application for extension and an order. These reached the judge after the 60 days had expired. We said (citing Roberts v. Sims, supra):

"Under the facts shown by the evidence here we can find no reasonable justification for the extension of the time, and can reach no other conclusion but that the failure to obtain the extension of time was due to defendant's own negligence. There is no evidence that any effort whatever was made to reach the trial judge other than to place the application in the United States mail only two days before the time expired and expect it to reach the trial judge at Nowata and the signed order of extension returned within the two days.

"In Roberts v. Sims, 111 Okla. 1, 237 P. 852, this court had under consideration a motion for new trial which was not filed until after the expiration of the three days' time allowed by statute, and in the second paragraph of the syllabus it is stated: (Then is quoted the matter above set out)."

We hold the trial court erred in directing the registration of the applicant.

There are a number of matters which present themselves on the record, such as: (1) the relief granted was not pleaded or requested; (2) the propriety of mandamus when the act specifically gives an appeal to an aggrieved party; (3) the sufficiency as a legal remedy of this appeal provision: (4) the sufficiency of the evidence; and (5)

whether Adamson came within the purview of the act as a whole so as to be affected by registration. Some of these were raised; others were not, but we are limiting our treatment of the issue stressed by the parties.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

RILEY, CORN, HURST, and DANNER, JJ., concur.