251 P.2d 659

CAMERON et al. v. SHUTTLEWORTH.

No. 5545.

Supreme Court of Arizona.

Dec. 16, 1952.

Rehearing Denied Jan. 13, 1953.

Scott & Green, of Phoenix, for appellants.

Rawghlie C. Stanford, Jr., of Phoenix, for appellee.

TULLAR, Superior Court Judge.

Appellants, defendants below, by this proceeding, appeal from a judgment foreclosing a realty mortgage executed by their deceased father. As heirs at law they claim that the property passed to them free of the mortgage.

The facts as found by the trial court and supported by competent evidence are these. Plaintiff, now appellee, was the owner of a mortgage bearing date May 21, 1946, covering Lots 1 and 3 in Block 1 of Homeland Acres, a subdivision in Maricopa County. The mortgage, duly recorded in the office of the Maricopa County Recorder, was security for a promissory note made by one Lance Showalter (father) upon which at the time of judg-

ment there was a balance due, including interest, of $2949.75.

On September 19, 1940, decedent selected and recorded a declaration of homestead on this later mortgaged property. This claim of homestead was never revoked and, in his estate, it was appraised at less than $4000. Upon his death Showalter's estate promptly proceeded to probate. Within sixty days after the first publication of notice to creditors the duly appointed administratrix sent by registered mail, return receipt requested, two notices addressed to appellee, one to 808 West Magnolia Street, and one to P. O. Box 2122, both in Phoenix, Arizona. Neither of these notices reached appellee who was not in Arizona at that time, but both were received by his son who signed the return receipts, "F. P. Shuttleworth, by Lloyd D. Shuttleworth atty in fact".

The said notices gave the date of decedent's death, the name and address of the administratrix, the legal description of the property, the date of the declaration of homestead and the place of its recording; and, lastly, advised that the notice was being given pursuant to the provisions of section 38–907, A.C.A. 1939, requiring presentation of claims by lien holders.

Appellee was 75 years old at the time of trial. Because he was absent from Arizona for long periods of time he had given his son, Lloyd, general power of attorney to manage and control his affairs and property in Arizona, which consisted chiefly of notes and mortgages, including that here involved. The power of attorney was duly recorded; the son, who was a Phoenix resident and an adult, had, in fact, exercised the powers thereby granted to him.

Appellee did not see the notices received by his son. He did, however, have actual knowledge of Showalter's death and he discussed this note and mortgage with the administratrix. Upon being urged by the administratrix to file his claim before the time for filing creditors' claims expired, appellee stated that he didn't want to do this but wanted the mortgage to run its full time. No claim was ever filed by or for appellee and, upon the expiration of the statutory period allowed for filing claims, the property was duly set over to appellants as a homestead.

Subsequently appellee filed suit to foreclose the mortgage, the case was tried to the court, judgment foreclosing the mortgage was entered, motion for new trial was ordered denied, and this appeal was duly perfected from the judgment and order.

Appellants, by adequate assignments of error, contend that the provisions of section 38–907, supra, apply, this involving a lifetime-declared homestead; and that appellee, having received adequate notice, should have filed a claim with the administratrix if he expected to recover the amount due on the note and mortgage. His failure to so file, they contend, bars

appellee's right to foreclose the mortgage or recover the unpaid balance.

Appellee's sole contention is that he was not notified as required by the said statute and, therefore, his rights under the mortgage remained in full force and effect. The statute is:

"38-907. Setting apart of homestead—Payment of encumbrances thereon.—If the homestead selected and recorded prior to the death of the decedent be returned in the inventory appraised at not exceeding four thousand dollars ($4,000) in value, or was previously appraised as provided by law, and such appraised value did not exceed that sum, the court shall set it off to the persons in whom title is vested by the preceding section. If there be subsisting liens or encumbrances on the homestead, the claims secured thereby must be presented and allowed as other claims against the estate. If the estate be adequate to pay all claims allowed against the estate, the claim so secured must be paid out of such funds; if not sufficient, the claims so secured shall be paid proportionately with other claims, and the liens or encumbrances on the homestead shall only be enforced against the homestead for the deficiency. The executor or administrator shall within sixty (60) days after the first publication of notice to creditors, notify in writing the record holder of any such lien or encumbrance of the death of the testator or intestate, and unless so notified, the rights of the holder of such lien or encumbrance shall not be affected by his failure to present such claim."

The statute as it came into our Code in 1901, R.S.1901, sec. 1733, did not require notice to the mortgagee. The last sentence of the above-quoted statute was added in 1921, Laws 1921, Ch. 177, sec. 1, p. 435, to conform to a similar amendment made to the parent California statute in 1917, Calif.Code Civ.Proc., Sec. 1475, as amended, Stats. 1917, ch. 564. Numerous California decisions prior to the amendment held without dissent that the mortgage holder must present his claim within the time allowed for that purpose, and failure to do so was a bar to the right to foreclose the mortgage. Camp v. Grider, 62 Cal. 20; Bollinger v. Manning, 79 Cal. 7, 21 P. 375; Votypka v. Valentine, 41 Cal.App. 74, 182 P. 76; Hinkel v. Crowson, 188 Cal. 378, 206 P. 58.

The statute having been taken from California, presumption attaches that our legislature adopted it with the construction in mind that had been theretofore placed upon it by the California courts, and we will regard their interpretation of the statute as highly persuasive. In re Moore's Estate, 67 Ariz. 65, 190 P.2d 914. Since the language of the statute clearly demands this interpretation

there is certainly no reason why we should not follow California precedent herein.

The addition to the statute in 1921 of the last sentence does not change the requirement that the mortgagee file a claim, but merely adds the condition that unless notice be given the mortgagee's rights under the mortgage will remain unimpaired even though he fail to file a claim.

■ "Notify" in a statute commonly imports that notice shall actually reach the party to be notified. Petition of Liberty Mut. Ins. Co., 298 Mass. 75, 9 N.E.2d 718.

■ Personal notice is required whenever a statute requires the giving of notice and does not specify the manner in which the notice is to be given. Valley Nat. Bank v. Stewart, 53 Ariz. 328, 89 P.2d 493.

■ Section 9, (1), of the Restatement of the Law of Agency states:

"A person has notice of a fact if he or his agent knows the fact, has reason to know it, should know it, or has been given a notification of it."

The following excerpts from the testimony of appellee illuminate the relationship between father and son:

"Q. Why did you give these powers of attorney to your son? A. To look after my business, especially collection of notes and collection of interest.

■

"Q. Handle notes and mortgages· for you? A. Yes.

"Q. You were away from here a good deal of the time, were you not? A. Yes, I was.

"Q. You had to have someone here that had authority to represent you in all matters relating to your notes and mortgages? A. Well, I did have.

"Q. You held quite a few notes and mortgages in this locality at that time, did you not? A. Yes.

"Q. You gave your son full and complete authority to manage and look after your notes and mortgages here in Maricopa County? A. Yes."

The power of attorney which appellee gave to his son was general and broad. It gave the son full power to deal with appellee's Maricopa County property in any way the son saw fit as fully as appellee himself could do if he were personally present; and by its terms appellee ratified and confirmed in advance any lawful act of the son taken with regard to the property.

This evidence conclusively establishes a principal and agent relationship herein between appellee and his son. The latter's authority related specifically to the subject matter embraced in the notices received by him and as to that subject matter his identity was indistinguishably merged with that of his father. The son was acting entirely within the scope of his authority when he

acknowledged receipt of these notices in his father's name by himself as attorney-in-fact.

 The established rule is that notification to an agent whom the law recognizes as having power to bind the principal by receipt thereof is notice to the principal, though he does not relay the notification to his employer. Merrill on Notice, (1952) sec. 1290. No mandate of statutory construction, nor reason, exists here to deny this basic principle of agency law. Reason supports this conclusion the more so in this instance since the testimony reveals that the principal was outside the State of Arizona and, in fact, his whereabouts was unknown, even to his son, at the time when the notification was required to be given.

We are aware that cases exist which hold that when a statute requires notification in writing the notice must be served upon or received by the principal himself, and not his agent. Street Lumber Co. **v.** Sullivan, 201 Mass. 484, 87 N.E. 905. Nor do we suggest that in every case the statutory requirement of personal notice is met by service upon the agent.

In this case, however, we hold that when the agent received the written notice addressed and mailed to appellee (principal), the requirement of section 38–907 was met, and appellee then had the requisite personal notice. It was then incumbent upon appellee to file his claim with the administratrix before the ten months' statutory period for filing claims expired. His failure so to do destroyed his right to recover the unpaid balance or proceed against the security.

The judgment is reversed, with directions to dismiss plaintiff's complaint and enter judgment for defendants on their counterclaim to quiet title to the property involved.

UDALL, C. J., and PHELPS, DE CONCINI and LA PRADE, JJ., concur.

STANFORD, J., having disqualified himself, the Honorable Robert S. TULLAR, Judge of the Superior Court of Pima County, participated in his stead in the determination of this appeal.