332 P.2d 496

**SCHOOL DISTRICT NO. 6 OF PIMA COUNTY (Marana), Appellant,**

v.

**Evelyne BARBER, Christine Doll, Helen Angel, Louise Summers, Agnes Timberman and Mary Thomas, Appellees.**

**No. 6576.**

Supreme Court of Arizona.

Dec. 3, 1958.

Raul H. Castro, County Atty. of Pima County, Marvin S. Cohen, Deputy County Atty., Tucson, for appellant.

Robert & Price, Phoenix, for appellees.

STRUCKMEYER, Justice.

This is a petition for a writ of mandamus filed in the Superior Court of Pima County, Arizona, praying that School District No. 6 be commanded forthwith to reinstate appellees as teachers in the district. The record was reduced to an agreed statement of the facts upon which the lower court directed the issuance of the writ.

Appellees are probationary teachers who by A.R.S. § 15–252 automatically would have their contracts of employment renewed for the school year 1957–1958 unless notices of dismissal were given on or before March 15th of 1957. Appellant sent written notices of dismissal by registered letter, mailed on March 15, 1957. However, the notices were not received until March 16th and 18th, and in the case of appellee Mary Thomas, not at all.

We held in Tempe Union High School Dist. v. Hopkins, 76 Ariz. 228, 262 P.2d 387, that the notice provisions of the Teachers' Tenure Act of this state create a personal right which must be strictly followed. We also said in Cameron v. Shuttleworth, 75 Ariz. 61, 251 P.2d 659, that where a statute does not specify the manner in which a notice is to be given, "personal notice" is required. Assuming but not deciding that "personal notice" permits service by mail, the appellant is still faced with the insurmount-

able hurdle of the clear language of the statute that appellees were to be given notice *on or before March 15, 1957*.

The rule has been laid down that in the absence of custom, statute, or express contract, a notice sought to be served by mail is not effective until it comes into the hands of the one sought to be served. Johnson v. Barreiro, 59 Cal.App.2d 213, 138 P.2d 746; Regan v. Atlantic Refining Co., 304 Mass. 353, 23 N.E.2d 869; George v. Adamson, 184 Okl. 289, 86 P.2d 980. However, appellant argues that the purpose of this notice, being informational only, is to inform the teachers that their rights have been affected so that they may plan their personal affairs accordingly and that therefore strict compliance with the statute should not be required.

We feel compelled to reject this argument. The legislature has prescribed that notice shall be given on or before the 15th of March, and that the teacher's contract is automatically renewed unless the notice is so given on or before that date. If we extend this date to the 16th or the 18th, or to such other time as we might believe to be reasonable, the unambiguous language of the legislature is set aside. This is not the function of the court.

The judgment of the court below is affirmed.

UDALL, C. J., and WINDES, PHELPS and JOHNSON, JJ., concur.