402 P.2d 221

**GENERAL FACTORS, INC., an Arizona corporation, Appellant,**

v.

**A. Deal BECK, and A. Deal Beck Concrete Construction Co., an Arizona corporation, Appellees.**[*]

No. 1 CA–CIV 22.

Court of Appeals of Arizona.

May 20, 1965.

Rehearing Denied July 16, 1965.

Review Granted Oct. 19, 1965.

Brown, Vlassis & Bain, by Jack E. Brown and C. Randall Bain, Phoenix, for appellant.

Johnson, Roberts & Bluemle, by Neal T. Roberts, Phoenix, for appellees.

CAMERON, Judge.

The plaintiff below, appellant herein, General Factors, Inc., brought suit against the defendants below, appellees herein, A. Deal Beck and A. Deal Beck Concrete Construction Company.

The complaint alleged that the defendant had purchased from Tempe Sand and Gravel Company, goods and materials and that the plaintiff, an Arizona corporation, had purchased the invoices or accounts receivable and had given due notice to the defendant of this assignment with instructions to make payments directly to the plaintiff. Plaintiff further alleged that defendants did not make the payments as directed, and prayed for judgment in the amount of $4,942.86, together with costs.

Defendant answered by admitting the purchase of the goods and materials from Tempe Sand and Gravel, but denied the assignment, denied the notice of the alleged assignment, and alleged affirmatively that while there was the sum of $1,692.15 pres-·

[*] This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7528. The matter was referred to this Court pursuant to Section 12–120.-23 A.R.S.

ently owing to the creditor, that defendant had been served with a levy from the U. S. Treasury Department, Internal Revenue Service, in the amount of $3,810.11, which would more than off-set the amount due and owing.

The matter was tried before the court without a jury, and at the close of the plaintiff's case the court granted judgment for the defendant. Plaintiff brought this appeal claiming the trial court erred in various rulings excluding evidence which would have proven the assignment, and that the trial court further erred in not finding that the plaintiff had sustained its burden in showing that the defendant had received actual notice of the alleged assignment.

The facts of the case, so far as they are necessary to determine this matter on appeal, are as follows:

On or about 5 October through 28 October, 1960, defendant purchased from Tempe Sand and Gravel Company certain materials for use by defendant in his construction business. Invoices representing these purchases were then sent to plaintiff, General Factors, Inc., under an alleged assignment and factoring account. There is testimony to indicate that General Factors paid for these invoices, and between the 10th and 31st of October, mailed these invoices to the defendant at his place of business.

The invoices bearing the name of Tempe Sand and Gravel had at the bottom the following statement:

"Accounts due and payable 15th of month following purchase."

Plaintiff affixed a sticker to each invoice which read as follows:

"Pay only to General Factors, Inc., 3500 North Central Avenue, Phoenix, Arizona. This account and the merchandise covered hereby is assigned ·and payable only to said corporation, to which notice must be given of any merchandise returns or claims of any kind."

And also stamped to the invoice was the following:

"To facilitate our accounts receivable bookkeeping, this invoice has been factored with General Factors, Inc., 3500 North Central Building, Suite 332 in Phoenix, Arizona. Make payment directly to factor."

The testimony of the defendant is that these invoices were received by his bookkeeper and that the bookkeeper merely opened the letters and checked the amounts on the invoices to determine any set-offs or "chargebacks". The bookkeeper did not have the authority to draw checks for payment of the invoices or any other accounts, and the testimony of the defendant is that these invoices were not handed to him until sometime between the 7th and 15th of November, 1960.

In the meantime, Tempe Sand and Gravel was experiencing financial difficulties. Defendant, in order to assist Tempe Sand and Gravel and to insure his supply of products, on 2 November, 1960, made a payment to Phoenix Cement Corporation in the amount of $505.70 for and on behalf of Tempe Sand and Gravel. On 4 November, 1960, defendant made a payment to Phoenix Cement Corporation in the amount of $505.88 for and on behalf of Tempe Sand and Gravel, and a payment of $382.50 to Central Arizona Petroleum for and on behalf of Tempe Sand and Gravel. On 5 November, 1960, defendant drew a check payable to Tempe Sand and Gravel in the amount of $3,200 to cover "two weeks payroll that weren't paid" by said Tempe Sand and Gravel. On 8 November, 1960, the defendant was served with a notice of levy from the U. S. Treasury Department, Internal Revenue Service, claiming an amount against the Tempe Sand and Gravel Company of $3,-810.11. By pleading and testimony, the defendant admits holding the amount of $1,-692.50 subject to the levy of the U. S. Treasury Department, Internal Revenue Service. The statement of the defendant is to the effect that at the time he made these

payments and at the time of the levy by the U. S. Treasury Department, Internal Revenue Service, he, the defendant, had no knowledge of the existence of the notices on the invoices directing him to pay the accounts to the plaintiff. There is further testimony to indicate that defendant had made some payments to General Factors in August, September and October. There is also testimony, and it is affirmatively pleaded, that the plaintiff had informed defendant that he would not factor any more of the accounts of defendant, and that plaintiff would have to have a financial statement from defendant before he would factor any of defendant's accounts. Defendant refused to give plaintiff defendant's financial statement.

The primary question before us concerns the question of notice of an assignment under the statutes and laws of the State of Arizona. The Arizona Revised Statutes provide as follows, at § 44–805:

> "A. If a debtor, *without actual notice* that an assignment of his account has been made, makes full or partial payment of his debt to the assignor, his debt shall thereby be extinguished or reduced." (Emphasis supplied.)

It would thus appear that where the debtor has paid the creditor, as in the instant case, that his debt is thereby extinguished or reduced unless he has received "actual notice" before said payment was made. Our Supreme Court had discussed notice as follows:

> "[T]hat where a statute does not specify the manner in which a notice is to be given, 'personal notice' is required. Assuming but not deciding that 'personal notice' permits service by mail, the appellant is still faced with the insurmountable hurdle of the clear language of the statute that appellees were to be given notice on or before March 15, 1957.

> "The rule has been laid down that in the absence of custom, statute, or express contract, a notice sought to be served by mail is not effective until it comes into the hands of the one sought to be served. Johnson v. Barreiro, 59 Cal.App.2d 213, 138 P.2d 746; Regan v. Atlantic Refining Co., 304 Mass. 353, 23 N.E.2d 869; George v. Adamson, 184 Okl. 289, 86 P.2d 980." School District No. 6 of Pima County v. Barber, 85 Ariz. 95 at 96, 332 P.2d 496, 497 (1958).

Appellants cite the case of Cameron v. Shuttleworth, 75 Ariz. 61, 251 P.2d 659 (1952), for the proposition that notice received by the bookkeeper in this case, as an agent, was actual notice to the defendant. We, however, believe Cameron v. Shuttleworth can be distinguished from the case at bar. In Cameron v. Shuttleworth, the appellee was some seventy-five years old at the time of trial, and because he was absent from Arizona for long periods of time, he had given his son, Lloyd, general power of attorney to manage and control his affairs and property. The power of attorney was duly recorded, and the son, who was a Phoenix resident and an adult, had exercised the power of attorney in the general management of the father's business. The son receipted the notices by signing the return receipt "F. B. Shuttleworth, by Lloyd D. Shuttleworth, atty. in fact." The court stated as follows:

> "This evidence conclusively establishes a principal and agent relationship herein between appellee and his son. The latter's authority related specifically to the subject matter embraced in the notes received by him and as to that subject matter his identity was indistinguishably merged with that of his father. * * * The established rule is that notification to an agent whom the law recognizes as having power to bind the principal by receipt thereof is notice to the principal, though he does not relay the notification to his employer. Merrill on Notice, (1952) sec. 1290. No mandate of statutory construction, nor reason, exists here to deny this basic principle of agency law. Reason supports this conclusion the more so in

this instance since the testimony reveals that the principal was outside the State of Arizona and, in fact, his whereabouts was unknown, even to his son, at the time when the notification was required to be given.

"We are aware that cases exist which hold that when a statute requires notification in writing the notice must be served upon or received by the principal himself, and not his agent. Street Lumber Co. v. Sullivan, 201 Mass. 484, 87 N.E. 905. Nor do we suggest that in every case the statutory requirement of personal notice is met by service upon the agent." Cameron v. Shuttleworth, 75 Ariz. 61 at 65 and 66, 251 P.2d 659, 662 (1952).

The testimony below does not show that notification of the factoring agreement by the bookkeeper to the defendant was within the scope of the authority of the bookkeeper. The bookkeeper merely opened the letters, checked the amounts to make sure that the company was not being overcharged, computed any set-offs or charge-backs, and then presented the invoices to the defendant for the purpose of paying said accounts. The testimony is sufficient to find that the defendant did not see any of these invoices with the notices attached thereto until he had made the payments to Tempe Sand and Gravel, and had been served with a notice of levy by the Bureau of Internal Revenue. The testimony is such that the trial court could well have found that the plaintiff had not sustained that burden at the close of plaintiff's case and the evidence being ample to support the judgment of the trial court, we will not disturb that finding. As has been stated:

"It is a well-settled rule in this state that the appellate court will not grant a new trial on the ground that the verdict is contrary to the evidence or is not supported by the evidence, when the evidence is conflicting or when there is any substantial evidence to support the verdict." Hull v. Larson, 14 Ariz. 492 at 494, 495, 131 P. 668, 669 (1913).

Or as has also been stated:

"We must presume the judge found the necessary facts to support his judgment, provided there is evidence in the record to support it." Colvin v. Superior Equipment Company, 96 Ariz. 113 at 117, 392 P.2d 778, 781 (1964).

Plaintiff also complains most strongly about the failure of the trial court to admit certain documentary evidence concerning the assignment of the accounts from Tempe Sand and Gravel to the plaintiff. Inasmuch as the evidence below does not indicate that the plaintiff has sustained his burden of proof in regard to the notice of any alleged assignments, it is not necessary to determine at this time whether the evidence was properly excluded or not.

The judgment below is hereby affirmed.

DONOFRIO, J., FRANK X. GORDON, Jr., Judge of Superior Court, concurring.

NOTE: Chief Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge FRANK X. GORDON, Jr., was called to sit in his stead and participate in the determination of this decision.