99 Ariz. 336 (1965)
409 P.2d 40
GENERAL FACTORS, INC., an Arizona corporation, Appellant,
v.
A. Deal BECK, and A. Deal Beck Concrete Construction Co., an Arizona corporation, Appellees.
No. 7528-PR.
Supreme Court of Arizona, En Banc.
December 23, 1965.
Rehearing Denied January 25, 1966.
*337 Brown, Vlassis & Bain, by Jack E. Brown and C. Randall Bain, Phoenix, for appellant.
Johnson, Roberts & Bluemle, by Neal T. Roberts, Phoenix, for appellees.
Morton M. Scult, Phoenix, for National Commerce Finance Conference, Inc., amicus curiae.
UDALL, Justice.
Plaintiff below, appellant herein, General Factors, Inc., brought suit against defendants below, appellees herein, A. Deal Beck and A. Deal Beck Concrete Construction Company. The trial court entered *338 judgment in favor of appellees and appeal was taken to the Supreme Court of Arizona. The matter was referred to the Court of Appeals of Arizona, Division 1, for determination. The Court of Appeals, 402 P.2d 221, affirmed the lower court's judgment and pursuant to Rule 47(b) Rules of the Court of Appeals, 17 A.R.S., appellant sought a petition for review of the Court of Appeals' decision.
This case was tried before the lower court without a jury, and after appellant presented its case the court granted judgment for appellee. Appellant's contention on appeal is, the trial court erred in not finding appellant had sustained its burden in showing the appellee had received actual notice of the alleged assignment, and further erred in excluding evidence which would have proven the assignment.
The material facts of the case necessary to determine this matter on appeal are as follows: From October 5 through October 28, 1960, appellee purchased from Tempe Sand and Gravel Company, hereinafter referred to as Tempe Sand, goods and materials for use by appellee in the construction business. Invoices representing these purchases were sent to appellant by Tempe Sand under an alleged assignment and factoring agreement between the parties. Appellant paid these invoices and between October 10 and October 31, 1960, mailed the invoices to appellee at his place of business.
The invoices stated the accounts were due and payable on the 15th of the month following purchase, and affixed to each invoice was a sticker which read:
"Pay only to General Factors, Inc., 3500 N. Central Avenue, Phoenix, Arizona. This account and the merchandise covered hereby is assigned and payable only to said corporation, to which notice must be given of any merchandise returns or claims of any kind."
In addition, stamped to each invoice was the following:
"To facilitate our accounts receivable bookkeeping, this invoice has been factored with General Factors, Inc., 3500 N. Central Bldg., Suite 332N, Phoenix, Arizona make payment directly to factor."
Appellee admitted the purchase of the goods and materials from Tempe Sand, but denied and assignment, denied actual notice of the alleged assignment, and alleged affirmatively that while there was the sum of $1,692.15 presently owing Tempe Sand, appellee had been served with a levy from the U.S. Treasury Department, Internal Revenue Service, on November 8, 1960 in the amount of $3,810.11, which would more than offset any amount due and owing.
Appellee admitted the invoices were received by his employee who opened the letters and checked the amounts on the invoices to determine any set-offs or "chargebacks". *339 The employee did not have authority to draw checks for payment of the invoices or any other accounts, and appellee testified the invoices were handed to him sometime between the 7th and 15th of November, 1960.
Tempe Sand was experiencing financial difficulties in November, 1960, and appellee  attempting to assist that company and insure his supply of materials  made payment to or on behalf of Tempe Sand. On November 2, and November 4, 1960, appellee made payments of $505.70 and $505.88 to Phoenix Cement Corporation for and on behalf of Tempe Sand; payment of $382.50 was made to Central Arizona Petroleum by appellee for Tempe Sand on November 4, 1960 and the following day appellee drew a check payable to Tempe Sand in the amount of $3,200 to cover two weeks payroll that had not been paid by Tempe Sand. On November 8, 1960 appellee was served with a notice of levy from the Internal Revenue Service claiming an amount of $3,810.11 against Tempe Sand.
The record indicates that appellee changed his form of business organization from proprietorship to corporate on November 1, 1960. Appellee's contention is to the effect that at the time he made these payments to Tempe Sand's creditors and at the time of notice of levy, he had no actual notice of the existence of the directions on the invoices directing him to pay the accounts to appellant.
Thus, the primary issue in this case concerns the question of notice of an assignment under the statutes and laws of the State of Arizona. The pertinent Arizona statute is A.R.S. § 44-805, subsec. A, which provides as follows:
"If a debtor, without actual notice that an assignment of his account has been made, makes full or partial payment of his debt to the assignor, his debt shall thereby be extinguished or reduced." [Emphasis supplied]
The requirement of actual notice in the above statute would seem to import that the notice actually reach the debtor. Otherwise, where the debtor has paid his creditor prior to actual notice, his debt is extinguished or reduced according to the amount paid.
We have, in other cases, discussed the general subject of notice. If a statute requires the giving of notice and does not specify the manner in which the notice is to be given, personal notice is required. Valley Nat. Bank v. Stewart, 53 Ariz. 328, 89 P.2d 493 (1939). The established rule is that in absence of custom, express contract or statute, notice sought to be served by mail is not effective until it is received by the one sought to be served. School District No. 6 of Pima County v. Barber, 85 Ariz. 95, 332 P.2d 496 (1958). Also, generally notice to an agent acting within the scope of his authority is notice to the principal, but notice to an agent acting outside *340 such scope is not effective notice unless party relying thereon has reasonable ground to believe that the agent is acting within the scope of his authority. Cameron v. Shuttleworth, 75 Ariz. 61, 251 P.2d 659 (1952); Neavitt v. Upp, 57 Ariz. 445, 114 P.2d 900 (1941).
There is little doubt in cases where the evidence conclusively establishes a principal and agent relationship between the parties and notice is given the agent. We have, however, recognized some limitations on this proposition of law as indicated by the case of Cameron v. Shuttleworth, supra, where we said:
"Nor do we suggest that in every case the statutory requirement of personal notice is met by service upon the agent."
Therefore, whether the statutory requirement of actual notice was fulfilled must be decided from the facts and attending circumstances of each case. The facts of this case tested by the above principles would seem to indicate the statutory requirement of actual notice was met. Appellant gave written notice addressed to appellee personally that the account was being factored with them. The invoices were received at appellee's usual place of business by an employee who opened the letters, checked the amount due, and presented at a later date the invoices to appellee for payment.
There was testimony to indicate that appellee had made some payments to appellant in August, September and October on prior accounts that were factored. There was also testimony that appellant and appellee had negotiated to factor appellee's account receivables, and this method of business cannot be said to have been unknown to appellee.
The following excerpt from appellee's deposition illuminates the relationship between appellee and his employee:
"Q. Do you operate an office with secretaries and stenographers that handle your filing and your bookkeeping?
"A. I have one girl in there that answers the phone, works on the two-way radios, and does some office work, whatever she's told to do. And then I have an office manager."
At the trial, the office manager was referred to as a bookkeeper exclusively. Appellee admits the employee received the invoices but testified that he did not see any of the invoices with notices attached until he had made payments to Tempe Sand, and had been served with a notice of levy by the Internal Revenue Department.
There is support for the proposition that an agent or clerk ostensibly in charge of the place where the principal's business is carried on has apparent authority to accept notification in relation to the business. Horn v. Western Union Tel. Co., 109 Tex. 229, 194 S.W. 386, 205 S.W. 831 (1917); *341 3 Merrill, Notice § 1304 (1952). It has been held that an employee in charge of the receipt of mail may accept written notification. Travelers Ins. Co. v. Gardner, 129 N.J.L. 159, 28 A.2d 507 (1942). The cases split as to the effect of notification served upon bookkeepers. Compare Cowan, McClung & Co. v. Roberts & Co., 133 N.C. 629, 45 S.E. 954 (1903), with Great Western Sugar Co. v. Gilcrest Lumber Co., 25 Colo. App. 24, 136 P. 562 (1913).
If the law is to be practical, it must recognize other channels through which notice may be served. The phrase "actual notice" is properly distinguishable from "actual knowledge" and includes notice to an authorized agent as well as generally the communication of any information enabling the recipient to acquire therefrom, by the exercise of reasonable diligence, actual knowledge. United States v. Certain Parcels of Land, etc., 85 F. Supp. 986 (S.D.Cal. 1949). The invoices were addressed to appellee by name, actually received in his office by a person authorized to receive the business mail, and the only reason appellee did not see the invoices was his established internal business procedures. The appellant could do nothing more except have the invoices personally served on appellee similar to service of process. We do not think the legislature intended such a result by requiring actual notice, but rather anticipated that notification by mail could be used in keeping with usual business customs and standards in the community. The appellee selected this manner of office procedure and thus will be bound by any adverse result therefrom.
We therefore hold there was actual notice to the debtor under the facts of this case by the notification received by the employee within the meaning of A.R.S. § 44-805, subsec. A (1956), and appellee is liable for the invoices received by his employee prior to the date of payment to or on behalf of Tempe Sand.
Appellant assigns as error the rulings of the trial court excluding the authority of persons acting on behalf of Tempe Sand to make the assignments on behalf of that corporation. The factoring agreement between Tempe Sand and General Factors, Inc. was signed by Fred Wilson, allegedly the president of Tempe Sand, and the assignment of accounts was signed by different officers of Tempe Sand. Appellant attempted to lay a foundation for the admission of these documents by the testimony of William Whaley, the secretary-treasurer of the corporation. At no time did appellant offer resolutions or minutes of the board of directors indicating the asserted officers were serving in official positions or had authority to execute the documents. But we do not think this was necessary under the peculiar facts of this case.
It appears that the accounts receivable were assigned to appellant who in turn advanced 97% of their face value to *342 Tempe Sand. Under the circumstances of this case, Tempe Sand would be estopped from denying that the corporate officers did not have authority to assign the accounts. If Tempe Sand cannot question the assignment, neither can appellee. Cf., Arizona Southwest Bank v. Odam, 38 Ariz. 394, 300 P. 195 (1931).
Accordingly the judgment of the trial court is reversed and the decision of the Court of Appeals is vacated. The cause is remanded for entry of judgment in favor of appellant.
LOCKWOOD, C.J., STRUCKMEYER, V.C.J., and BERNSTEIN and McFARLAND, JJ., concurring.