475 P.2d 953

Leo A. BENEDICT, County Treasurer and Ex-officio Tax Collector, Maricopa County, Arizona, Kenneth Kunes, County Assessor of Maricopa County, Arizona, the Board of Supervisors of Maricopa County, Arizona, a political subdivision of the State of Arizona, the Department of Property Valuation, an independent agency of the State of Arizona, and the State Board of Property Tax Appeals, an independent agency of the State of Arizona, Appellants,

v.

Avrum N. ANDALMAN, Appellee.

No. 1 CA–CIV 1304.

Court of Appeals of Arizona, Division 1.

Nov. 2, 1970.
Rehearing Denied Dec. 3, 1970.

Review Denied Jan. 19, 1971.

Gary K. Nelson, Atty. Gen., by James D. Winter, Asst. Atty. Gen., Phoenix, for appellants.

Avrum N. Andalman, in pro. per.

HOWARD, Chief Judge.

The appellee, the plaintiff below, protested to the Maricopa County Board of Supervisors a 1968 property tax assessment of certain of his property located in Maricopa County, Arizona. The Board reduced the assessment from $695.00 per acre to $275.00 per acre.

By petition dated July 10, 1968, the Arizona Department of Valuation appealed the decision of the Maricopa County Board of Supervisors to the Arizona State Board of Property Tax Appeals in accordance with the provisions of A.R.S. § 42–245 subsec. B [1] and A.R.S. § 42–123, subsec. B, par. 6.[2]

On July 26, 1968, notice of the hearing before the Arizona State Board of Property Tax Appeals was mailed by certified mail addressed to Mr. Sidney Mitchell who had represented the appellee before the County Board of Equalization. This letter was sent to the address given as the appellee's address in his petition to the County Assessor. This notice was never received by the appellee nor the appellee's attorney.

At the hearing before the State Board of Property Tax Appeals on August 1, 1968, the valuation of the appellee's property was increased from $275.00 per acre to $695.00 per acre. Not having received any notice, neither the appellee nor his attorney appeared at the hearing before the State. Board of Tax Appeals.

The appellee attempted to then proceed by way of a tax appeal before the Superior Court of Maricopa County. This procedure was determined by the lower court to be incorrect and the instant case was filed pursuant to A.R.S. § 42–204, subsec. C which provides:

"After payment of the tax, an action may be maintained to recover any tax illegally collected, and if the tax due is determined to be less than the amount paid, the excess shall be refunded in the manner provided by this chapter."

In the lower court the appellee contended that the only issue was whether or not the appellants had to comply with the statutes as to notice. Appellee made a motion for summary judgment, which motion was granted, and the lower court entered judgment against the appellants in the sum of $291.76.

It is the appellants' position that the failure to notify appellee of the hearing before the State Board of Property Tax Appeals was a mere "technicality". It is their further position that the question of notice was moot. The reason given in support of this argument is the Department of Property Valuation alleged in its answer to the complaint that the amount of taxes paid by the plaintiff was not based upon a valuation in excess of the full cash value of the property thereby creating an issue

1. The above statute states:
   "B. In all cases where the county board has ordered a reduction in valuation of any property, the assessor or the department may appeal such decision to the state board in the same manner as provided in subsection A of this section. In the event of an appeal by the assessor or the department, a copy of the petition shall be transmitted by certified or registered mail on or before the date of the filing of the petition to the listed owner of the property which is the subject of the appeal at the address shown on the then existing tax roll. The property owner shall be a party to any proceedings in the appeal."

2. This statute provides that the director may:
   "6. Contest any proposed valuation or any proposed change in valuations before any county board of equalization or before the state board of property tax appeals. If any decision of any county board of equalization or of the state board of property tax appeals is, in the opinion of the director, erroneous, the director may, on or before the following September 15, appeal such decision to the superior court."

**296**

of fact prohibiting a summary judgment because of the fact that A.R.S. § 42–204, subsec. C creates a duty on the court to find the "tax due".

Appellants' contentions are without merit.

 A notice is a fundamental requirement of due process. Although A.R.S. § 42–245 does not explicitly provide that notice of the time and place of a hearing on the petition to increase the valuation be given to the owner of the property, we believe it is fairly implied under the doctrine set forth by our Supreme Court in McManus v. Industrial Commission, 53 Ariz. 22, 85 P.2d 54 (1938). This is so by the fact that the State Board of Property Tax Appeals cannot render a decision as to the appeal until after the "date of hearing such petition"; the requirement that a copy of the petition be transmitted by certified or registered mail to the listed owner of the property at the address shown on the existing tax roll and by the further mandate of the statute that the property owner shall be a party to any proceedings in the appeal. Notice sought to be served by mail is not effective until it is received by the one sought to be served. Goodman v. Jones, 102 Ariz. 532, 433 P.2d 980 (1967); General Factors, Inc. v. Beck, 99 Ariz. 337, 409 P.2d 40 (1965); School District No. 6 of Pima County v. Barber, 85 Ariz. 95, 332 P.2d 496 (1958). Having failed to comply with the procedural requirements of due process, the proceedings before the State Board of Property Tax Appeals were a complete nullity.

 Appellants cite the case of Bade v. Drachman, 4 Ariz.App. 55, 417 P.2d 689 (1966) as authority for the proposition that instead of granting summary judgment, the trial court should have held a hearing to determine the cash value of the property. Appellants' interpretation of Bade v. Drachman, supra, and A.R.S. § 42–204, subsec. C is erroneous. The only valid cash value and assessment of appellee's property in existence on the date of the trial was that of the Maricopa County Board of Supervisors which assessed the property at $275.00 per acre. Under A.R.S. § 42–204, subsec. C the trial court is to determine that tax due and is then bound to refund to the taxpayer amounts over and above that amount. On the date the trial court entered its summary judgment the only amount of tax that was due had already been determined by the Maricopa County Board of Supervisors in the amount of $275.00 per acre.

Affirmed.

HATHAWAY and KRUCKER, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.