NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-76

PATRICIA FENNELLY

vs.

NEW REZ LLC & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from the entry of judgment for the defendants in the Superior Court on her complaint alleging, among other things, that the mortgage foreclosure on her home by defendant New Rez LLC (New Rez), as the lender/mortgagee, was invalid because it failed to comply with a Federal regulation requiring a reasonable effort to arrange a meeting with the mortgagor prior to foreclosure.  Determining that there exist no genuine issues of material fact in dispute, and that the

---

[1] Francisco Eliezer Paulino.  In filings and in its brief, defendant New Rez LLC has spelled its name "NewRez, LLC."  As is our custom, we spell the defendant's name as it was spelled in the complaint.

defendants are entitled to summary judgment as a matter of law, we affirm.

Background.  In May 2017, the plaintiff obtained a loan from HomeBridge Financial Services, Inc. (HomeBridge), and executed a promissory note that was secured by a mortgage on her home.  The mortgage provided that the debt could be accelerated, requiring immediate payment of the full amount owed, should the plaintiff fail to make her monthly payments.  The right of the lender/mortgagee to foreclose on the mortgage, however, was limited by regulations of the United States Department of Housing and Urban Development.

In particular, 24 C.F.R. § 203.604 (2017)[2] provided that, prior to any foreclosure on payment default, the mortgagee was required to "have a face-to-face interview" with the mortgagor or at least "make a reasonable effort to arrange such a meeting."  24 C.F.R. § 203.604(b).  The regulation further provided that a reasonable effort to arrange a face-to-face meeting

> "shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched.  Such a reasonable effort to arrange a face-to-face meeting shall also include at least one trip to see the mortgagor at the mortgaged property . . . ."

24 C.F.R. § 203.604(d).

---

[2] We refer to the regulation in effect at the relevant time, prior to the amendment that took effect on January 1, 2025.

2

Within the year, the plaintiff defaulted by failing to make required payments.  A year later, in March 2019, HomeBridge assigned the mortgage and note to New Rez.  More than two and one-half years later, the plaintiff remained in default.  In October 2021, New Rez foreclosed on the property.[3]  The following month, the plaintiff filed a complaint challenging the foreclosure, specifically alleging violation of 24 C.F.R. § 203.604(b) due to the alleged failure of New Rez to have a face-to-face interview with her or to make a reasonable effort to arrange such a meeting.

At summary judgment, the parties agreed that no face-to-face interview took place.  The issue was whether New Rez had made a reasonable effort to arrange such a meeting.  The judge determined that New Rez could meet the reasonable effort requirement in either of two ways -- by sending a certified letter or by making a trip to see the plaintiff at the property.

Although the judge found that there was a genuine issue of material fact in dispute whether New Rez had sent a letter to the plaintiff by certified mail, he found that the undisputed facts established that New Rez did in fact make a trip to visit the plaintiff at the property, leaving a copy of the letter taped to the door of the plaintiff's house.  The judge ruled

_____

[3] Subsequently, New Rez sold the property to defendant Francisco Eliezer Paulino.

3

that, since New Rez met one of the two alternative methods of compliance, the plaintiff had no reasonable expectation of proving noncompliance with 24 C.F.R. § 203.604(b) and granted summary judgment to the defendants.

The plaintiff appealed, contending that the judge committed a clear error of law in determining that 24 C.F.R. § 203.604(d) provided alternative methods of compliance. The plaintiff argues that the regulation required New Rez both to send a letter and to make a trip to the property. She maintains that, since genuine issues of material fact existed whether New Rez complied with notice by the letter method, summary judgment should not have been granted.[4]

New Rez cross-appealed. Although it agrees with the plaintiff that the regulation required both a letter and a trip to the property, it argues that the judge erred in determining that genuine issues of material fact existed whether it had complied with the requirement of sending a certified letter. Therefore, New Rez contends, despite the error in interpreting the regulation as providing alternative methods of compliance, summary judgment was properly entered in any event.

---

[4] The plaintiff does not challenge on appeal the judge's determination that New Rez complied with the requirement of making a trip to the property.

4

Discussion. "We review a grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law" (citation omitted). Fannie Mae v. Branch, 494 Mass. 343, 352 (2024).

As a preliminary matter, we agree with the parties that a plain reading of 24 C.F.R. § 203.604(d) required New Rez both to send a letter to the mortgagor and to make a trip to the mortgaged property. See Ingalls v. Board of Registration in Med., 445 Mass. 291, 294 (2005) (when interpreting regulation, words are to be given plain and ordinary meaning). The regulation provided that a "reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter . . . . Such a reasonable effort to arrange a face-to-face meeting shall also include at least one trip . . ." (emphasis added). 24 C.F.R. § 203.604(d). Use of the words "shall" in the first sentence and "shall also" in the second sentence shows that both a letter and trip were required. See Garcia v. Executive Office of Hous. & Livable Communities, 495 Mass. 86, 91-92 (2024) (use of word "shall" reflects mandatory nondiscretionary obligation). See also Donahue v. Federal Nat'l Mtge. Ass'n, 980 F.3d 204, 208 (1st Cir. 2020) (construing 24 C.F.R. § 203.604[d] as imposing dual requirements).

5

We move on to consider the remaining question: whether the record reflects a genuine issue of material fact that New Rez sent to the plaintiff a letter "certified by the Postal Service as having been dispatched." 24 C.F.R. § 203.604(d).

At summary judgment, New Rez presented an affidavit of an employee of the servicing agent for HomeBridge, who stated that a letter notifying the plaintiff that her loan was overdue and that she may request a face-to-face interview was generated on April 10, 2018; a copy of the letter, addressed to the plaintiff at her home, was attached to the affidavit. The affiant went on to relate that the regular business practice of the servicing agent was to mail such letters to the address provided in the letter and to record the mailing activity on a certificate of mailing manifest; a copy of the manifest, showing a redacted United States Postal Service tracking number associated with the plaintiff's name and address, postage, and a $3.45 additional fee, consistent with the fee for certified mail, was attached to the affidavit. The affidavit further stated that the servicing agent's business records reflect that the letter was included in a bulk mailing through the United States Postal Service; a United States Postal Service certificate of bulk mailing was attached to the affidavit.

In response, the plaintiff submitted an affidavit stating that New Rez never had a face-to-face meeting with her, nor did

it make any effort to arrange such a meeting.  She specifically denied receiving a letter from HomeBridge or New Rez.

On appeal, the plaintiff contends that her denial of receipt of a letter presents a question of fact whether New Rez sent a letter.  But the issue here is not whether the plaintiff actually received the letter.  See Donahue, 980 F.3d at 209 n.5 (homeowner's claim of nonreceipt of letter pursuant to 24 C.F.R. § 203.604[d] did not create genuine issue of material fact where issue was whether lender complied with mailing requirements).  Cf. Liberty Mut. Ins. Co., petitioner, 298 Mass. 75, 76 (1937) (affidavit of nonreceipt sufficient to raise question of fact where issue was receipt of notice).  Rather, the question is whether New Rez complied with its obligation to make a reasonable effort to arrange a face-to-face meeting with the plaintiff by sending her a letter, "certified by the Postal Service as having been dispatched."  24 C.F.R. § 203.604(b).  Here, New Rez presented evidence that it sent to the plaintiff a letter that was assigned a United States Postal Service tracking number, and that there was a fee, corresponding with the certified mail fee, associated with the letter.  This was sufficient to establish that the Postal Service certified the letter as having been dispatched.[5]  See Donahue, supra at 208

---

[5] Although the affiant from the service agent did not explicitly state that the business practice was to send such

(letter bearing United States Postal Service tracking number, in addition to affidavits regarding business practice of mailing, supported fact that Postal Service certified letter was dispatched).

By this showing, New Rez carried its burden.  To defeat summary judgment, "the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact."  French King Realty Inc. v. Interstate Fire & Cas. Co., 79 Mass. App. Ct. 653, 659-660 (2011).  The plaintiff failed to do so here.  Summary judgment properly entered in favor of the defendants.

Judgment affirmed.

By the Court (Vuono, Singh & Hershfang, JJ.[6]),

Clerk

Entered: June 10, 2025.

<hr>

letters by certified mail, the exhibits in support of the affidavit bear this out.

[6] The panelists are listed in order of seniority.